An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1354
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

In the Matter of:

                                    Durham County
                                    Nos.  12 J 32, 33, 34
B.M., D.C., A.C.


Appeal by respondent-mother from order entered 16 August 2013 by Judge William A. Marsh, III, in Durham County District Court.  Heard in the Court of Appeals 7 April 2014.

*Assistant County Attorney Bettyna Belly Abney for Durham County Department of Social Services, petitioner-appellee.*

*Assistant Appellate Defender J. Lee Gilliam for respondent-mother-appellant.*

*Keith Karlsson for guardian ad litem.*


McCULLOUGH, Judge.


Respondent-mother appeals from a permanency planning order which placed her three children, "Brooklyn," "Daniel," and "Avery,"[1] in the custody of their maternal great aunt ("Aunt C.") and ceased reunification efforts by the Durham County Department of Social Services ("DSS").  We affirm the order.

---

[1]Pseudonyms are used throughout this opinion to protect the identity of the juveniles.

## I.   Background

On 21 February 2012, DSS filed a petition alleging that the subject juveniles, who share the same father ("Father"), were neglected and dependent.  On 6 June 2012, the court filed an adjudication and disposition order which adjudicated the juveniles as dependent and neglected, retained them in the legal custody of their parents, and placed them in the home of a court-approved caretaker with whom the parents were then residing.  The caretaker subsequently became unable or unwilling to care for the children, and by a review order filed 17 July 2012, the court placed the children in the home of Aunt C.  The court later awarded temporary legal and physical custody of the children to Aunt C. by a review order filed 14 February 2013.

On 11 July 2013, the court held the permanency planning hearing.  On 16 August 2013, the court entered a "Permanency Planning Order" which concluded the following:

> 2.  It is in the best interests of the children that the permanent plan be custody with a relative or other suitable person.
>
> 3.  It is in the best interests of the children that the children be placed in the legal and physical custody of [Aunt C.].
>
> . . . .

8. It is contrary to the children's best interest for the children to return to the respondent parents' home at this time, and it is unlikely that they will be able to return to their parents' home in the next six months.

The order also ceased reunification efforts and waived "further reviews unless a motion is filed by a party to the matter."

From this order, respondent-mother appeals.

## II. Standard of Review

"Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004) (citing *In re Eckard*, 148 N.C. App. 541, 544, 559 S.E.2d 233, 235, *disc. review denied*, 356 N.C. 163, 568 S.E.2d 192-93 (2002)). "If the trial court's findings of fact are supported by any competent evidence, they are conclusive on appeal." *Id.* (citing *In re Weiler*, 158 N.C. App. 473, 477, 581 S.E.2d 134, 137 (2003)). "This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused

its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007).

## III. Discussion

On appeal, respondent-mother argues that the trial court erred by (A) entering findings of fact numbers 9, 11, 16, and 17 when they are not supported by competent evidence; (B) concluding that the children could not be returned home within six months and making custody with a relative the permanent plan; and, (C) by waiving future review hearings.

### A.    Findings of fact

Respondent-mother contends that portions or all of findings of fact numbers 9, 11, 16, and 17 are not supported by competent evidence.  Specifically, she challenges:  (i) the portions of finding of fact number 9 which declare she "has been inconsistent with receiving her mental health services," and "[t]here are concerns that she has bipolar disorder"; (ii) the portion of finding of fact number 11 which states she "admitted to currently being in a romantic relationship with [Father]"; (iii) the portion of finding of fact number 16 which states Father is continuing to use controlled substances; and (iv) the entirety of finding of fact number 17, which states she "has

exhibited an inability to process or unwillingness to address her problems." We address them in order.

### i. Finding of Fact Number 9

Respondent-mother argues the "current evidence" of her mental health treatment from February until mid-June 2013 did not support the finding she was inconsistent with seeking mental health treatment. While it is true respondent-mother did improve her participation in mental health services during that window of time, respondent-mother ignores the testimony of the social worker concerning respondent-mother's extended history. The social worker testified that respondent-mother "has been inconsistent since I've been working with her with doing mental health treatment." The social worker explained that she had been working with respondent-mother since 2010, and during this period of time, "[s]he would start and she would probably do three to four months [of treatment] and then stopped (sic) doing it." Between the filing of the petition on 21 February 2012 and February 2013, respondent-mother did not receive any mental health treatment. After the treatment started in late February 2013, she missed appointments, and her willingness to attend and receive services did not improve until April 2013. As the brief of the guardian ad litem points out, between the filing of the

petition in February 2012 and the permanency planning hearing on 11 July 2013, a period of almost seventeen months, respondent-mother spent at most 2.5 months receiving mental health treatment. We conclude this evidence supports the finding that respondent-mother has been inconsistent in receiving mental health services.

Respondent-mother argues the finding that she suffers from bipolar disorder is not supported by competent evidence because it is based upon hearsay testimony of the social worker that she had been told respondent-mother has the condition. We do not agree. At a permanency planning hearing, a court may consider any evidence, including hearsay, if it is relevant, reliable and necessary to a determination of the child's needs and an appropriate disposition. N.C. Gen. Stat. § 7B-907(b) (2011).[2] Moreover, respondent-mother did not object to this testimony at the hearing. In the absence of objection to hearsay testimony at trial, a finding derived from that testimony will be considered as based upon competent evidence. *In re F.G.J.,* 200 N.C. App. 681, 693, 684 S.E.2d 745, 753-54 (2009).

---

[2]N.C. Gen. Stat. § 7B-907 was repealed and replaced by N.C. Gen. Stat. § 7B-906.1 on 19 June 2013, effective 1 October 2013. *See* 2013 N.C. Sess. Law 129, § 25. Because the hearing here was conducted prior to the effective date of the new statute, N.C. Gen. Stat. § 7B-907 applies.

## ii.  Finding of Fact Number 11

Respondent-mother argues there is no evidence of a current romantic relationship or sharing of residence between respondent-mother and Father which would support this finding. Respondent-mother, however, does not dispute the portion of the same finding which indicates that she recently gave birth to another child by Father.  She also does not dispute the court's finding that she and Father together obtained a two-bedroom apartment about five months prior to the hearing.  Findings of fact which are not challenged on appeal are deemed supported by competent evidence and are binding. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).  Moreover, even if the finding were challenged, respondent-mother testified that she gave birth to her last child by Father on 21 June 2013, just weeks prior to the hearing, and that she continues to associate with Father.  We conclude these findings and respondent-mother's testimony support a finding that respondent-mother and Father are in a longstanding intimate and romantic relationship.

## iii. Finding of Fact Number 16

Respondent-mother argues the finding that Father is continuing to use controlled substances is based upon unreliable hearsay testimony.  Again, respondent-mother did not object to

this testimony, and thus the finding is presumed to be based upon competent evidence. We accordingly affirm this finding.

### iv. Finding of Fact Number 17

Respondent-mother argues this finding is conclusory, erroneous, and contradicted by evidence that respondent-mother has made significant strides in addressing the conditions that led to the children's removal from her care. However, the evidence shows that respondent-mother did little, if anything, for several months prior to the permanency planning hearing. As noted above, the court found, based upon competent evidence, that respondent-mother has been inconsistent in receiving mental health services. The court also found, without dispute by respondent-mother, that she has been "very inconsistent with the visits" with her children and that she "has a history of not maintaining stable housing, employment, and mental health." We conclude finding of fact number 17 is supported by other undisputed findings and the evidence.

### B. Permanent Plan

Respondent-mother next contends that the court erred when it found that the children could not be returned home within six months and made custody with a relative the permanent plan. At the conclusion of any permanency planning review hearing, if the

court determines not to return the juvenile home, it must make written findings, *inter alia*, "[w]hether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home[.]" N.C. Gen. Stat. § 7B-907(b)(1) (2011). The court is also required by N.C. Gen. Stat. § 7B-907(c) to make findings as to the best plan of care to achieve a safe, permanent home for the juvenile, including placement with a relative "found by the court to be suitable and . . . to be in the best interest of the juvenile." N.C. Gen. Stat. § 7B-907(c) (2011).

Respondent-mother argues the court's findings do not support its conclusion that it is in the juveniles' best interest not to be returned home but to be placed with Aunt C. She submits the evidence of the progress she has made supports a contrary conclusion.

We hold the findings of fact do support the court's conclusion. These findings include the aforementioned findings of fact numbers 9, 11, 16, and 17, and the following findings which have not been challenged by respondent-mother and thus are binding.

> 20. It is not possible to return the children to the parents' home at this time.

Although [respondent-mother] recently found an apartment, she has a history of not maintaining stable housing, employment, and mental health. Although [respondent-mother's] attendance and willingness to receive mental health services through Comprehensive Community Care have improved, [respondent-mother] has a history of inconsistency adhering to scheduled services. [Father] has not completed a substance abuse assessment or parenting program.

21. It is unlikely that the children will be returned to their parents' care within the next six months because [respondent-mother] has not consistently followed through with their mental health services and continues to associate with [Father] and [Father] has not completed a substance abuse evaluation or a parenting program.

22. [Father] has failed to participate in this case.

. . . .

24. Continued reunification[] efforts with the parents would be either futile or inconsistent with the child's health, safety, and need for a safe permanent home within a reasonable period of time.

25. The children's placement with [Aunt C.] is stable, and continuing the placement is in the children's best interests.

These findings demonstrate that respondent-mother has not made sufficient progress to support a conclusion that it is in the

best interest of the children to return them to their parents at this point.

## C.   Waiver of Future Review Hearings

Respondent-mother's final contention is that the court erred by improperly waiving future review hearings.  According to N.C. Gen. Stat. § 7B-906(b)(4), a court may waive further review hearings if it finds by clear, cogent, and convincing evidence, *inter alia*, that "[a]ll parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion[.]"  N.C. Gen. Stat. § 7B-906(b)(4) (2011).[3]  Respondent-mother argues the court at the hearing improperly placed the burden upon the movant for a review hearing to show there has been a substantial change of circumstances.

We note that in the written order the court did find in finding of fact number 27 that "[a]ll parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion."  The court also stated in its mandate "[t]here shall be no further reviews unless a motion is filed by a party to the matter."  Assuming, *arguendo*, the court erred by assigning a

---

[3]Repealed by 2013 Session Law 129, § 25, and replaced by N.C. Gen. Stat. § 7B-906.1, effective 1 October 2013.

burden of proof to the movant, we conclude respondent-mother has failed to show any prejudice. We do not see any value in remanding the case, as suggested by respondent-mother, to clarify her right to seek a review hearing in the future when the court's order clearly declares that she has that right.

Based on the foregoing reasons, we affirm the order of the court.

Affirmed.

Judges HUNTER, Robert C. and GEER concur.

Report per Rule 30(e).