HUNTER, JR., ROBERT N., Judge.
Respondent-mother appeals from a permanency planning order ceasing reunification to her daughter A.C. ("Agatha").[1] We affirm.
On 10 May 2013, the Wake County Human Services ("WCHS") took non-secure custody of Agatha, born January 2008, and filed a petition alleging she was a neglected and dependent juvenile. The petition alleged that respondent has a long history of mental illness and substance abuse; that WCHS has periodically provided respondent with in-home services since 2007; that in-home service providers reported that respondent sleeps all the time, uses illegal drugs, and does not provide proper care and supervision for Agatha; that Agatha was often seen outside for three to four hours at a time without adult supervision; and that respondent was charged with misdemeanor child abuse after a police officer found Agatha wandering outside alone. On 15 May 2013, respondent and WCHS entered into a Memorandum of Understanding in which WCHS recommended services for respondent.
By order filed 19 August 2013, the district court adjudicated Agatha a neglected juvenile. The court ordered respondent to comply with her services agreement which required her to: (1) visit with Agatha once a week; (2) maintain safe and stable housing; (3) obtain and maintain legal employment; (4) complete a psychological evaluation and follow all recommendations; (5) take all medication as prescribed; (6) sign consents for release of information regarding her substance abuse, mental health, and medical treatment records for WCHS and the Guardian ad Litem upon request; (7) complete an updated substance abuse evaluation and follow all recommendations; (8) refrain from using illegal or impairing substances and submit to random hair and urine drug screens; (9) complete a drug treatment program and follow recommendations; (10) complete Positive Parenting Group and demonstrate skills learned; (11) complete an anger management program and demonstrate skills learned; (12) resolve criminal matters and refrain from illegal activity; and (13) maintain regular contact with the social worker at WCHS, notifying WCHS of any change in situation or circumstances within five business days.
Following a permanency planning hearing in March 2014, the court adopted the plan proposed by WCHS and the guardian ad litem and entered an order establishing concurrent plans of reunification with respondent and adoption. The trial court held another permanency planning hearing in May 2014. By order entered 23 June 2014, the court ceased reunification efforts, continued legal custody of Agatha with WCHS, and changed the permanent plan to adoption. Respondent filed notice preserving her right to appeal the order and, on 29 December 2014, filed notice of appeal.
In her sole argument on appeal, respondent contends the trial court erred in ceasing reunification efforts. We disagree.
"A trial court may cease reunification efforts upon making a finding that further efforts 'would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time.' " In re C.M.,183 N.C.App. 207, 214, 644 S.E.2d 588, 594 (2007) (quoting N.C. Gen.Stat. § 7B-507(b)(1) (2005) ). Though characterized by statute as a finding, "the determination that grounds exist to cease reunification efforts under N.C. Gen.Stat. § 7B-507(b)(1) is, in [substance], a conclusion of law that must be supported by adequate findings of fact." In re E.G.M.,--- N.C.App. ----, ----, 750 S.E.2d 857, 867 (2013).
"This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." In re C.M.,183 N.C.App. at 213, 644 S.E.2d at 594. Uncontested findings of fact are binding on appeal. Koufman v. Koufman,330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).
The court made the following pertinent findings of fact:
9. The following facts demonstrate that reunification efforts would be futile and inconsistent with the child's health, safety and need for a safe, permanent home within a reasonable time:
[Respondent] minimizes the events that led to the child's removal from her care, the significance of her substance abuse issues, and does not recognize that the level of care and supervision she was providing the child were inadequate. [Respondent] is in a long-term relationship with a man, with whom she resides, who was recently charged with Possession of a Schedule II Controlled Substance. While the mother's current housing might be structurally sound, it is not necessarily appropriate if her boyfriend is also residing there. [Respondent] is not taking her medications as prescribed, including that she has not tested positive for medications she is prescribed, such as suboxone. While she attended some 12 step meetings, she did not attend with the frequency recommended in her substance abuse assessment. The mother did not submit to all drug screens requested of her by WCHS. She obtained prescriptions for pain medications in September 2013, November 2013 and March 2014 without telling the emergency room staff that she is addicted to prescription pain killers. [Respondent] has not successfully completed substance abuse treatment. Because [respondent] has not demonstrated sobriety, she has been unable to be referred for a psychological evaluation, which is quite concerning to this Court. She was not receiving therapy at the Carter Clinic, as she claimed, and has not participated in sufficient mental health therapy to address her long history of mental illness.
[Respondent] has not demonstrated that she is able to manage [Agatha's] behaviors or meet her needs during visits. [Respondent] has used poor judgment in sharing information with [Agatha] that is either age-inappropriate or distressing to the child. She has attempted to handle [Agatha's] tantrums in visits, but was ineffective. After intervention and redirection of the social worker, [Respondent] immediately engaged in imaginary play with [Agatha] that was contradictory to what was instructed.
Respondent does not challenge finding of fact 9 as unsupported by the evidence. Indeed, the finding is supported by testimony from WCHS foster care social worker Jennifer Steele and guardian ad litem Keith Karlson, a WCHS Court Summary, and a Guardian ad Litem Court Report. Further, respondent concedes that the permanency planning order includes the requisite statutory language concluding that further efforts to reunify her with Agatha would be "futile and inconsistent with the child's health, safety, and need for a safe home within a reasonable time." Respondent does argue that the conclusion to cease reunification was erroneous because the court "virtually ignore[d] the progress [she] had made in the months and weeks leading up to the May 2014 hearing." To support her argument, respondent points out that she established a therapeutic relationship with Life Resources of NC in February 2014, had negative drug screens on 15 and 29 April 2014, and completed parenting programs.
Although we acknowledge that respondent had shown some progress with her service agreement at the time of the May 2014 permanency planning hearing, serious deficiencies remained that support the trial court's decision to cease reunification efforts. In particular, as the trial court found, respondent failed to satisfactorily address her mental health needs and her substance abuse problems. Further, contrary to respondent's assertion, the court allowed her adequate time to comply with her service agreement. Respondent entered into her case plan in May 2013 and, therefore, had a year to comply with her case plan. Accordingly, the district court did not err in concluding that reunification efforts would be futile and inconsistent with Agatha's safety and need for a safe home within a reasonable time. See In re M.J.G.,168 N.C.App. 638, 649, 608 S.E.2d 813, 820 (2005) (upholding cessation of reunification efforts despite mother's claim of progress on her case plan). As a result, the court did not abuse its discretion in electing to cease reunification efforts pursuant to N.C. Gen.Stat. § 7B-507(b)(1).
AFFIRMED.
Chief Judge McGEE and Judge CALABRIA concur.
Report per Rule 30(e).
Opinion
Appeal by respondent-mother from order entered 23 June 2014 by Judge Monica M. Bousman in Wake County District Court. Heard in the Court of Appeals 29 June 2015.

A pseudonym is used to protect the identity of the child.