ARROWOOD, Judge.
Respondent appeals from an order terminating her parental rights as to the minor children "Deborah"[1] and "James" (collectively, "the children"). The children's fathers,[2] whose rights were also terminated, are not parties to this appeal. Because we find no abuse of discretion by the trial court in assessing the best interests of the children under N.C. Gen. Stat. § 7B-1110(a) (2017), we affirm.
I. Background
On 16 December 2015, the Mecklenburg County Division of Youth and Family Services ("YFS") filed a juvenile petition alleging Respondent's children were neglected and dependent. The petition alleged Respondent had been the subject of five Child Protective Services ("CPS") referrals involving lack of supervision, domestic violence, and substance abuse. It was reported that five-year-old Deborah and six-year-old James were not attending school regularly and that Respondent had left them with their great grandmother, who has dementia, while Respondent went "missing" for two weeks. The petition further alleged that Respondent was transient and was subject to three outstanding warrants for her arrest. Respondent failed to attend a Child Family Team meeting scheduled for 7 December 2015 and declined an opportunity to go with the children to a Salvation Army shelter. Finally, the petition alleged that Deborah's father was convicted of assault on a female in October 2015 and had failed to respond to the social worker's phone calls about the children. Based on the petition's allegations, YFS obtained nonsecure custody of the children on 16 December 2015.
The trial court adjudicated Deborah and James neglected and dependent juveniles on 14 September 2016. In its disposition order, the court identified the barriers to reunification as Respondent's housing instability, unaddressed mental health issues, and domestic violence history. The court placed the children in the legal custody of YFS and ordered a trial home placement with Respondent.
The trial home placement ended with Respondent's arrest and jailing on 4 October 2016. Respondent was observed driving the wrong way down a one-way street while taking the children to school. She was charged with driving while license revoked, no vehicle registration, failure to appear, and disorderly conduct. With no relative placement available, the children were placed in foster care.
Citing Respondent's lack of involvement with her case plan and minimal attendance at visitation, in December 2016, the trial court established a primary permanent plan of adoption for Deborah and James with secondary plans of reunification and guardianship. Following a subsequent permanency planning hearing in March 2017, the court relieved YFS of further efforts toward reunification.
YFS filed a petition to terminate Respondent's parental rights on 3 June 2017. Following a hearing on 24 October 2017, the trial court entered its termination of parental rights ("TPR") order on 19 January 2018. The court adjudicated grounds to terminate Respondent's parental rights based on her neglect of the children and her willful failure over a period of at least twelve months to make reasonable progress to correct the conditions leading to their removal from the home. See N.C. Gen. Stat. § 7B-1111(a)(1)-(2) (2017). At disposition, the court determined that the termination of Respondent's parental rights was in the children's best interests. Respondent filed timely notice of appeal.
II. Discussion
Respondent does not challenge the trial court's conclusion that grounds exist to terminate her parental rights under N.C. Gen. Stat. § 7B-1111(a)(1)-(2). However, she contends the court erred in concluding that the children's best interests would be served by termination.
"After an adjudication that one or more grounds for terminating a parent's rights exist" under N.C. Gen. Stat. § 7B-1111(a), the trial court must "determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a). The court must consider the following factors in making its determination:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
Id . Dispositional findings are binding on appeal if they are supported by any competent evidence. See In re C.M ., 183 N.C. App. 207, 212, 644 S.E.2d 588, 593 (2007). We are also bound by any findings not specifically contested by Respondent. See Koufman v. Koufman , 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). "As a discretionary decision, the trial court's disposition [under N.C. Gen. Stat. § 7B-1110(a) ] will not be disturbed unless it could not have been the product of reasoning." In re A.J.M.P. , 205 N.C. App. 144, 152, 695 S.E.2d 156, 161 (2010).
Respondent devotes a considerable portion of her appellant's brief to urging this Court to adopt a de novo standard of review for the assessment of a child's best interests under N.C. Gen. Stat. § 7B-1110(a). Inter alia , she argues that the abuse of discretion standard was adopted under a previous iteration of our Juvenile Code, and that the amendments to N.C. Gen. Stat. § 7B-1110(a) enacted in 2005 and 2011 were intended to place "a necessary check on a trial judge's discretion to terminate parental rights" and to limit the frequency of terminations in light of the harm caused to children by severing the parental bond.
We deem it sufficient to observe that, subsequent to the statutory amendments cited by Respondent, the North Carolina Supreme Court has consistently applied an abuse of discretion standard in reviewing a trial court's best interest determination under N.C. Gen. Stat. § 7B-1110(a). See In re D.L.W. , 368 N.C. 835, 842, 788 S.E.2d 162, 167, reh'g denied , 369 N.C. 43, 789 S.E.2d 5 (2016) ; In re L.M.T. , 367 N.C. 165, 171, 752 S.E.2d 453, 457 (2013). As we are bound by our Supreme Court's rulings on an issue, we decline Respondent's invitation to revisit our standard of review. See Dunn v. Pate , 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993).
In addition to its adjudicatory findings, the trial court found the following facts reflecting its consideration of the factors listed in N.C. Gen. Stat. § 7B-1110(a) :
16. The Court considered the age of the children, eight (8) and seven (7), as well as the likelihood of adoption and finds that the children are young and adoption is likely. Adoption is a reasonable goal at this time and TPR would assist with the permanent plan because the mother failed to show progress to give the Court confidence the situation will change.
17. [Respondent's] continued engagement in the criminal justice system and her admission that "one day I'm going to get it" given that trial home placement was unsuccessful indicates termination is in the children's best interest.
18. The Court considered the children's bond with the Mother and Fathers. The children are bonded with the mother but have not seen her since November 2016. The bond with the current caretaker is strong and the children have shown considerable progress since placement in foster care.
19. [Deborah] continues to ask about her Mother's whereabouts, what she is doing, and whether she is working. Although the children are not in [an] adoptive home, TPR is in the children's best interest and will aid in the permanent plan.
20. Other relevant issues include the fact that the Mother fails to take responsibility for her current situations and gives testimony that is not credible as to basic concepts relating to where she lives and with whom she resides. Also, once the children were removed from the initial trial home placement in October 2016, there was an indication that the children were in the presence of an individual, Ralph L[.], that the Court Ordered they have no contact with.
To the extent Respondent does not contest these findings, we are bound thereby. See Koufman , 330 N.C. at 97, 408 S.E.2d at 731.
Respondent "disputes" portions of Findings 16, 18, 19, and 20 by quoting them in her brief but offers no explanation or argument as to how they are erroneous. See N.C.R. App. P. 28(b)(6) (2018) (prescribing requirements for argument on appeal); see also Spoon v. Spoon , 233 N.C. App. 38, 45 n.2, 755 S.E.2d 66, 72 n.2 (2014). A review of the hearing testimony and the written reports submitted by YFS and the guardian ad litem ("GAL") shows the findings are supported by competent evidence or reasonable inferences arising therefrom. Respondent's conclusory exception is overruled.
Respondent claims the trial court erred in terminating her parental rights despite her bond with the children and their stated desire to be reunited with her. While the children's bond with their mother is certainly relevant to the trial court's inquiry under N.C. Gen. Stat. § 7B-1110(a)(4), this factor is by no means dispositive. The trial court's findings, in particular Findings 18 and 19, reflect a due consideration of the parent-child bond. Given the marked improvement to the children's wellbeing while in foster care and their likelihood of finding permanency in an adoptive home,[3] it was not manifestly unreasonable for the trial court to give greater weight to other factors.
Finally, Respondent contends the trial court erred in terminating her parental rights as to James because, as a nine-year-old child, he had only a "minimal chance" of being adopted.[4] Respondent's characterization of James' prospects for adoption is contrary to both the hearing evidence and the trial court's finding on the issue. Neither the YFS social worker nor the GAL saw any barrier to James' adoption, other than the fact that he was not presently in an adoptive placement. As both YFS and the GAL recommended the termination of Respondent's parental rights in order to facilitate James' adoption, we cannot say the trial court abused its discretion in assessing his best interest.
III. Conclusion
Having reviewed the evidence and the trial court's dispositional findings, we are satisfied the court properly exercised its discretion under N.C. Gen. Stat. § 7B-1110(a). Accordingly, we affirm the TPR order.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge HUNTER, JR. concur.

Pseudonyms are used to protect the identity of the juveniles. See N.C.R. App. P. 3.1(b) (2018).

Deborah's father was identified through paternity testing. At the time of the termination hearing, the identity of James' father was unknown. The trial court terminated the parental rights of the unknown father of James and the putative father named by Respondent.

Given the children's overall circumstances and promising prospects for adoption, the case cited by Respondent, In re J.A.O. , 166 N.C. App. 222, 601 S.E.2d 226 (2004), is inapposite. The juvenile in In re J.A.O. was a fourteen-year-old with "debilitating" behavioral problems and a "woefully insufficient support system" who "ha[d] been shuffled through nineteen treatment centers over the last fourteen years." Id. at 227, 601 S.E.2d at 230. In light of the respondent-mother's abiding connection to the juvenile-in sharp contrast to the remainder of his family-we held the trial court abused its discretion in concluding that "the remote chance of adoption in this case justifies the momentous step of terminating respondent's parental rights." Id. at 228, 601 S.E.2d at 230.

Respondent's assertion that "James had only a 3% chance of [being] adopted" is both unsupported by the record evidence and statistically specious.