IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-62

No. 76A20

Filed 11 June 2021

IN THE MATTER OF: M.J.R.B., Z.M.B., N.N.T.B., S.B.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) and on writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review orders entered on 12 November 2019 by Judge Karen Alexander in District Court, Craven County. Heard in the Supreme Court on 17 February 2021.

*Peter M. Wood for respondent-appellant-father.*

*Mercedes O. Chut for respondent-appellant-mother.*

*Bernard Bush for petitioner-appellee Craven County Department of Social Services.*

*J. Mitchell Armbruster for respondent-appellee guardian ad litem.*

BERGER, Justice.

¶ 1    On August 23, 2016, the Craven County Department of Social Services ("DSS") filed petitions alleging that M.J.R.B., Z.M.B., and N.N.T.B. (collectively, the "older children") were neglected and dependent juveniles. DSS alleged, among other things, that on August 15, 2016, three-month-old M.J.R.B. tested positive for cocaine and THC. The trial court ordered that the children be placed in DSS custody, and each parent was appointed a guardian ad litem ("GAL") due to their mental health issues.

On February 27, 2017, the trial court entered an order which adjudicated the older children as neglected and dependent.

On November 8, 2017, respondent-mother gave birth to S.B. S.B. tested positive for cocaine at birth, and DSS filed a petition alleging that S.B. was a dependent juvenile. S.B. was placed in nonsecure custody, and on February 20, 2018, the trial court entered an order adjudicating S.B. a dependent juvenile because the older children were in DSS custody and respondent-parents had made no progress toward reunification with them. In addition, respondent-parents had not complied with mental health treatment recommendations, and respondent-mother admitted to consuming cocaine while she was pregnant with S.B.

After a hearing on July 20, 2018, the trial court ceased reunification efforts and changed the children's permanent plan to adoption. On August 2, 2018, DSS filed petitions to terminate respondent-parents' parental rights in the minor children. Before the hearing began on July 2, 2019, respondent-father requested that his counsel and GAL be fired. In addition, respondent-father requested that the hearing be suspended for two hours so he could take his medication. Respondent-father made both of these requests outside of the presence of his attorney and GAL. The court denied both requests. Prior to the start of the hearing, the attorney and GAL met with respondent-father, and no further motions were made.

On November 12, 2019, the court entered orders terminating respondent-

parents' parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(1), (2), and (6). Respondent-parents' parental rights to S.B. were terminated pursuant to N.C.G.S. § 7B-1111(a)(2) and (6). Respondent-parents appeal.

## I.  Standard of Review

We review a district court's adjudication under N.C.G.S. § 7B-1111(a) to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law. Unchallenged findings of fact are deemed supported by competent evidence and are binding on appeal. Moreover, we review only those findings needed to sustain the trial court's adjudication. The issue of whether a trial court's findings of fact support its conclusions of law is reviewed de novo. However, an adjudication of any single ground for terminating a parent's rights under N.C.G.S. § 7B-1111(a) will suffice to support a termination order.

*In re J.S.*, 374 N.C. 811, 814–15, 845 S.E.2d 66, 70–71 (2020) (cleaned up).

## II.  Respondent-Father's Motion to Substitute Counsel and Motion to Continue

Respondent-father argues the trial court erred by failing to sufficiently inquire about his request for new counsel and a new GAL before the termination hearing began when neither his attorney nor his GAL were present. Respondent-father further alleges that the trial court erred when it declined to postpone the hearing for two hours so respondent-father could take his medication. We disagree.

### A. Motion to Substitute Counsel

Parents in a termination of parental rights proceeding have "the right to counsel, and to appointed counsel in cases of indigency, unless the parent waives the

right." *In re K.M.W.*, 376 N.C. 195, 208–09, 851 S.E.2d 849, 859 (2020). In addition, "the court may appoint a guardian ad litem for a parent who is incompetent in accordance with G.S. 1A-1, Rule 17." N.C.G.S. § 7B-1101.1(c) (2019). "A parent qualifying for appointed counsel may be permitted to proceed without the assistance of counsel only after the court examines the parent and makes findings of fact sufficient to show that the waiver is knowing and voluntary." N.C.G.S. § 7B-602(a1) (2019).

¶ 8 Here, the trial court made the following relevant findings related to respondent-father's request:

> Prior to the hearing in this matter, the Respondent Father made a motion to dismiss his attorney. The court finds good cause to deny this motion. Let it also be noted that both respondents appeared highly anxious at the start of the proceedings. This court noted their anxiety and frustration and privately requested the attending court bailiffs to show some flexibility with court decorum and not to immediately apprehend and or interrupt the respondents if there were angry outbursts from the respondents. Also, this court denied the respondents to discharge their counsel but told them they would be allowed to ask additional questions of witnesses personally if their attorney did not ask a question they wanted. Moving forward, the respondents appeared satisfied and comfortable with this ruling.

¶ 9 Respondent-father's motions were made prior to the termination hearing and outside the presence of his attorney and GAL. The trial court accommodated respondent-father with relaxed courtroom rules during this time. After considering respondent-father's request, the trial court found good cause to deny respondent-

father's motion. Once respondent-father's attorney and GAL arrived at the hearing, they conferred with respondent-father and no further motions were made by respondent-father or his attorney. Respondent-father presented no additional information, at trial or on appeal, to make a requisite showing of "good cause" to substitute counsel.

¶ 10 Because respondent-father made these motions prior to the hearing and outside the presence of counsel and his GAL, failed to present good cause to warrant removal of his attorney at the trial court, and did not renew these motions or otherwise address the matter when counsel arrived for the hearing, the trial court did not abuse its discretion in denying respondent-father's motion to substitute counsel.

**B. Motion to Continue**

¶ 11 Respondent-father also argues that the trial court abused its discretion when it denied his request for a two-hour continuance to take his medication.

> Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review. If, however, the motion is based on a right guaranteed by the Federal and State Constitutions, the motion presents a question of law and the order of the court is reviewable. . . . Moreover, regardless of whether the motion raises a constitutional issue or not, a denial of a motion to continue is only grounds for a new trial when defendant shows both that the denial was erroneous, and that he suffered prejudice as a result of the error.

*In re A.L.S.*, 374 N.C. 515, 516–17, 843 S.E.2d 89, 91 (2020) (cleaned up). Here, respondent-father has failed to show that the denial of his motion to delay the hearing was erroneous, or that he was prejudiced by the trial court's denial of his motion. Thus, the trial court did not abuse its discretion in denying respondent-father's motion to continue.

### III. Respondent-Parents' Parental Rights to the Older Children

Respondent-mother argues that the trial court erred when it terminated her parental rights because DSS did not make reasonable efforts to work with her, and there was no evidence of lack of fitness as of the termination hearing. We disagree.

### A. Respondent-Mother's Parental Rights

A court may terminate parental rights if grounds exist under N.C.G.S. § 7B-1111(a), and the trial court determines that termination is in the best interest of the juvenile. *See* N.C.G.S. § 7B-1111(a) (2019); N.C.G.S. § 7B-1110(a). Here, the trial court determined that grounds existed to terminate respondent-mother's parental rights to the older children pursuant to N.C.G.S. § 7B-1111 (a)(1), (2), and (6).

Grounds for terminating a parent's rights to a juvenile exist under N.C.G.S. § 7B-1111(a)(2) when:

> The parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. No parental rights, however, shall

be terminated for the sole reason that the parents are unable to care for the juvenile on account of their poverty.

N.C.G.S. § 7B-1111(a)(2) (2019).

The trial court made the following unchallenged findings of fact:

> 1. The Petitioner, the Craven County Department of Social Services, was granted custody of the [older children] by non-secure Custody Orders dated August 24, 2016, and subsequent orders in this matter . . . .
>
> . . . .
>
> 14. Regarding the Respondent Mother's level of compliance with the orders of the court for her to facilitate reunification, [as stated earlier in the order]:
>
> > a. The Respondent Mother failed to [s]ubmit to a full psychological assessment, to include a substance abuse assessment and a parenting capacity inventory, with an approved and licensed clinician.
> >
> > b. The Respondent Mother failed to submit to a domestic violence assessment and follow all recommendations. She appeared for the assessment with [respondent-father], and they refused to allow her to be interviewed without him present. As a result, the [a]ssessment could not be completed.
> >
> > c. The Respondent Mother failed to [s]ubmit to random drug screens immediately upon the request of the Craven County Department of Social Services. She submitted to an initial assessment for drug screen but failed to submit to subsequent drug screens. Drug screens were requested on 1/18/17, 1/30/17, 2/16/17, 3/18/17, 3/14/17, 5/25/17, 6/5/17, 6/27/17, 7/7/17, 3/13/18, 8/21/17, 1/24/17, 4/3/18, 8/29/18, 5/12[/]17, 4/20/18, and she refused to submit to drug screens every time.

d.     The Respondent Mother failed to submit to random pill counts and medication monitoring immediately upon the request of the Craven County Department of Social Services.

e.     The Respondent Mother failed to execute all necessary releases such that the Craven County Department of Social [Services] may access all medical, mental health and substance abuse records for the Respondent Parent, until December 2018.

f.     The Respondent Mother failed to attend parenting referral appointments on the following dates: 1/22/17, 3/22/17, 7/11/17, 1/13/18, 3/13/18, 1/3/19. She started attending EPIC parenting classes in April 2018 but did not complete that parenting program.

g.     The Respondent Mother failed to make the Craven County Department of Social Services aware of her residence; however, she did maintain contact with the social workers to inquire about the minor children. The Social Worker testified that this was the Respondent Mother's one strength.

h.     The Respondent Mother failed to submit to a full psychological assessment and a recommendation from a mental health professional of safety and mental health stability of the Respondent Mother. The court ordered that visits would be suspended until the respondents submitted themselves for a mental health evaluation due to safety concerns. Therefore, no visitations or any other communication between the parents and minor children took place. The Respondent Parents made repeated requests to visit since that order of suspension. While the Respondent Parents have not caused or attempted to cause any bodily injury to Craven County Department of [S]ocial [S]ervices staff, they have made threats of bodily injury against the staff. As a

result, neither Respondent Parent has visited the minor children since September 16, 2016.

. . . .

100. The Respondent Parents' inability to make reunification efforts and their inability to care for the minor child is not caused by poverty.

. . . .

155. Independent of any other grounds found by this court, the parental rights of the Respondent Parents should be terminated due to the following grounds as set forth in North Carolina General Statutes, Sections 7B-1111(a)(2):

> a. Respondent Parents have willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made within 12 months in correcting those conditions which led to the removal of the juvenile.

¶ 16 Because respondent-mother did not challenge these findings of fact, they are binding on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). These unchallenged findings of fact support the trial court's conclusion of law that "grounds authorizing Termination of Parental Rights exist" pursuant to N.C.G.S. § 7B-1111(a)(2). Further, the trial court found that it was in the best interests of the older children that respondent-mother's parental rights be terminated. Accordingly, because the trial court's findings of fact support its conclusion of law, the trial court did not err when it terminated respondent-mother's

parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(2).

¶ 17    Because grounds existed to terminate respondent-mother's parental rights under (a)(2), we need not address the trial court's order to terminate parental rights under subsections (a)(1), (a)(5), or (a)(6). *In re J.S.*, 374 N.C. 811, 815, 845 S.E.2d 66, 71 (2020) ("an adjudication of any single ground for terminating a parent's rights under N.C.G.S. § 7B-1111(a) will suffice to support a termination order.").

**B. Respondent-Father's Parental Rights**

¶ 18    The trial court terminated respondent-father's parental rights to the older children under N.C.G.S. § 7B-1111 (a)(1), (2), (5), and (6). With regard to section (a)(5), the trial court's findings of fact relating to establishment of paternity were unchallenged by respondent-father.

¶ 19    A trial court may terminate the parental rights of a father under N.C.G.S. § 7B-1111(a)(5) states:

> The father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights, done any of the following:
>
> > a.    Filed an affidavit of paternity in a central registry maintained by the Department of Health and Human Services. The petitioner or movant shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and the Department's certified reply shall be submitted to and considered by the court.
> >
> > b.    Legitimated the juvenile pursuant to provisions of G.S. 49-10, G.S. 49-12.1, or filed a

petition for this specific purpose.

c. Legitimated the juvenile by marriage to the mother of the juvenile.

d. Provided substantial financial support or consistent care with respect to the juvenile and mother.

e. Established paternity through G.S. 49-14, 110-132, 130A-101, 130A-118, or other judicial proceeding.

N.C.G.S. § 7B-1111(a)(5) (2019).

Here, respondent-father does not challenge the findings of fact related to paternity, and therefore, they are binding on appeal. *See Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. Further, respondent-father does not challenge the sufficiency of the grounds to terminate his parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(5), or that termination was in the best interests of the older children. Because respondent-father presents no challenge to the sufficiency of these grounds, we affirm the trial court's order terminating respondent-father's rights to the older children under N.C.G.S. § 7B-1111(a)(5).

**IV. Respondent-Parents' Parental Rights to S.B.**

The trial court's order terminated respondent-parents' parental rights to S.B. under N.C.G.S. § 7B-1111(a)(2), (5), and (6). Again, respondent-father failed to challenge the sufficiency of any grounds for termination or the trial court's best interests determination. Therefore, we affirm the order terminating respondent-

father's parental rights to S.B. under N.C.G.S. § 7B-1111(a)(5).

However, respondent-mother argues that the trial court erred when it terminated her parental rights to S.B. under N.C.G.S. § 7B-1111(a)(2) and (6). Specifically, respondent-mother contends that (1) termination was improper under N.C.G.S. § 7B-1111(a)(2) because only 9 months elapsed between the placement by DSS and the filing of the termination petition, and (2) the trial court failed to make sufficient findings under the (a)(6) standard. We agree.

N.C.G.S. § 7B-1111(a)(2) states:

> The parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. No parental rights, however, shall be terminated for the sole reason that the parents are unable to care for the juvenile on account of their poverty.

N.C.G.S. § 7B-1111(a)(2).

The plain language of N.C.G.S. § 7B-1111(a)(2) requires the trial court to look at the parent's reasonable progress over a twelve-month period. Because only nine months elapsed between the custody order for S.B. and the filing of the termination petition, this subsection is inapplicable. Thus, the trial court erred in terminating parental rights under N.C.G.S. § 7B-1111(a)(2).

Respondent-mother further contends that the trial court committed reversible error when it terminated her parental rights under N.C.G.S. § 7B-1111(a)(6) because

the trial court failed to make sufficient findings of fact regarding the lack of alternative care arrangements, failed to identify the condition that rendered respondent-mother incapable of providing proper care, and failed to make a finding that the condition would persist for the foreseeable future.

¶ 26          N.C.G.S. § 7B-1111(a)(6) states:

> That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that the incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, intellectual disability, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

N.C.G.S. § 7B-1111(a)(6) (2019).

¶ 27          After a thorough review of the record, we conclude the trial court has not made sufficient findings to support the termination of parental rights under N.C.G.S. § 7B-1111(a)(6). As respondent-mother notes, the trial court failed to find the absence of an acceptable alternative childcare arrangement, did not identify the condition that rendered respondent-mother incapable of parenting S.B., and did not address the issue of whether respondent-mother's condition would continue for the foreseeable future. Again, while there may be sufficient evidence in the record, the lack of sufficient findings compels us to vacate the order terminating parental rights to S.B.,

and remand this matter back to the trial court for hearing additional evidence, if necessary, and entry of a new order.

## V.  Conclusion

The trial court did not abuse its discretion when it denied respondent-father's request to substitute counsel and continue the case for respondent-father to take medication.  In addition, we affirm the orders terminating respondent-father's parental rights to the minor children under N.C.G.S § 7B-1111(a)(5).  We further affirm the orders terminating respondent-mother's parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(2).  We vacate and remand the order terminating respondent-mother's parental rights to S.B. under N.C.G.S § 7B-1111(a)(6) for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.