IN THE SUPREME COURT OF NORTH CAROLINA

 2022-NCSC-7
 No. 60PA21

 Filed 11 February 2022
 IN THE MATTER OF: K.S.

 On discretionary review pursuant to N.C.G.S. § 7A-31 from a unanimous,

 unpublished decision of the Court of Appeals, No. COA20-271, 2020 WL 7974420

 (N.C. Ct. App. Dec. 31, 2020) (unpublished), affirming in part, reversing in part, and

 remanding an order entered on 14 January 2020 by Judge Luis J. Olivera in District

 Court, Cumberland County. Heard in the Supreme Court on 8 November 2021.

 Patrick A. Kuchyt for petitioner-appellant Cumberland County Department of
 Social Services; and Michelle FormyDuval Lynch for appellant Guardian ad
 Litem.

 J. Thomas Diepenbrock for respondent-appellee mother.

 BERGER, Justice.

¶1 When reviewing a lower court’s order, the appellate court must be ever

 cognizant of the proper standard of review. Because we conclude the Court of Appeals

 failed to apply the proper standard of review, we vacate the decision below and

 remand to the Court of Appeals with instructions to conduct a de novo review.

 I. Factual and Procedural Background
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

¶2 On May 26, 2019, Kelly1 was born to respondent-mother and father. The

 Cumberland County Department of Social Services (DSS) filed a juvenile petition

 three days later alleging Kelly to be a neglected and dependent juvenile. On October

 4, 2019, DSS filed an amended juvenile petition with additional factual allegations.

 Following a judicial settlement conference, DSS, respondent-mother, and the

 guardian ad litem executed a “Stipulation Agreement and Written Agreement for

 Consent Adjudication Order Per 7B-801(b1)” (Stipulation Agreement).

¶3 As part of the Stipulation Agreement, the parties agreed that the following

 factual allegations set forth in the amended petition were true and accurate at the

 time the amended petition was filed:

 1. [DSS] received a Child Protective Services (CPS)
 referral on 05/27/2019 concerning the safety of [Kelly].

 2. [Respondent-mother] named [father] as [Kelly’s]
 biological father. [Father] signed the Affidavit of
 Paternity as to [Kelly] and his name appears on
 [Kelly’s] birth certificate.

 3. [Respondent-mother] and [father] have two older
 children who are currently in the custody of [DSS] . . . .
 Furthermore, [respondent-mother and father] have an
 older child that was placed in the legal and physical
 custody of a relative . . . .

 4. The oldest child . . . was adjudicated abused and
 neglected on 2/1/16 based on [father] physically abusing
 the child and the child having sustained severe injuries.
 The child was approximately three months old when the

 1 Pseudonyms are used in this opinion to protect the juveniles’ identities.
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 abuse occurred. [Father] pled guilty and was convicted
 of felony child abuse. . . .

5. On 1/18/17, the juvenile [Kori] . . . , a sibling of [Kelly]
 and a child of [respondent-mother and father] was
 adjudicated dependent, and on 5/10/18, the juvenile
 [Kori] . . . , a sibling of [Kelly] and another child of
 [respondent-mother and father] was adjudicated
 neglected. These adjudications were based on the
 adjudication of the older child . . . and [respondent-
 mother and father] had not alleviated the conditions for
 which that child was removed from their care. At the
 time of said adjudications, [respondent-mother and
 father] continued to be involved in a relationship with
 each other. . . .

 ....

10. At the time of the filing of the original petition,
 [respondent-mother and father] stated they did not
 have essential necessities for [Kelly].

 ....

12. [Respondent-mother and father] admitted to Ms.
 Frances Holstein [(Kelly’s kinship placement)] in June
 2019 that on June 15, 2019, they were involved in a
 verbal and physical altercation with each other in the
 presence of the juvenile [April] . . . when [respondent-
 mother] drove [father] and the juvenile [April] in a
 vehicle. Based on said admissions, [respondent-mother]
 hit [father] and [father] hit [respondent-mother]. In
 addition, [father] physically choked [respondent-
 mother] after grabbing her. During these admissions to
 Ms. Frances Holstein, [respondent-mother] admitted
 that she knew [father] was not allowed around [April]
 when [respondent-mother] allowed [father] into the
 vehicle with [April] . . ..

13. [Father] further admitted to Ms. Frances Holstein that
 the June 15, 2019 altercation occurred as a result of
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 [father] telling the juvenile [April] that he would bite
 [April] back after [April] bit him, [respondent-mother]
 taking [father’s] statement seriously, [respondent-
 mother] hitting [father], [respondent-mother]
 beginning to drive like a maniac with [April] in the
 vehicle, and [father] trying to grab [respondent-
 mother].

 14. Pursuant to the last order of the [trial c]ourt in [the
 sibling’s juvenile case], [father] was not allowed any
 contact with the juvenile [April] . . . and that remained
 the order of the [trial c]ourt at the time of the June 15,
 2019 incident.

 15. [Respondent-mother] admitted to the [ ] social worker
 that an altercation occurred in June 2019 between her
 and [father] when [respondent-mother] picked [father]
 up after [father] demanded a car ride.

¶4 In addition to the facts set forth above, the parties stipulated that the

 allegations that led to removal of the juvenile were true and accurate and existed at

 the time of the filing of the amended petition. Among those facts were the current

 and prior CPS history; father’s conviction for felony child abuse of Kelly’s sibling,

 April; unstable housing; and domestic violence issues between respondent-mother

 and father. Respondent-mother reserved her right to argue before the trial court

 whether the stipulated facts were sufficient to support an adjudication of neglect.

¶5 Based on these admissions by respondent-mother, in addition to the testimony

 of a social worker, the trial court adopted the above factual allegations as findings of

 fact. The trial court found that the evidence presented was sufficient to support an

 adjudication of dependency. Further, and without explanation, the trial court
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 dismissed the claim of neglect. Respondent-mother appealed the adjudication of

 dependency, and DSS cross-appealed the trial court’s dismissal of the claim of

 neglect.2

¶6 In affirming the trial court’s dismissal of the claim of neglect, the Court of

 Appeals noted that “the parties do not challenge the evidentiary underpinnings of

 these findings of fact, but rather the legal import of these findings.” In re K.S., No.

 COA20-271, 2020 WL 7974420, at *5 (N.C. Ct. App. Dec. 31, 2020) (unpublished).

 Regarding the prior adjudications of Kelly’s siblings, the Court of Appeals stated that

 the weight of such “is left to the discretion of the trial court.” In re K.S., 2020 WL

 7974420, at *6. Concerning the verbal and physical altercation between respondent-

 mother and father and the violation of a court order, the Court of Appeals discussed

 how such “did not, as a matter of law, compel a conclusion that Kelly was neglected,”

 because the altercation, standing alone, was not dispositive on the issue of neglect.

 Id.

¶7 The Court of Appeals concluded the trial court did not err in dismissing the

 neglect claim. In doing so, the Court of Appeals stated that “[w]hile another judge

 may have adjudicated Kelly as neglected based on the stipulated facts of the instant

 case,” id., it was not permitted to reach such a conclusion as “appellate courts may

 2 This Court allowed discretionary review only on issues related to neglect. Thus, the
 issue of dependency is not before us.
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 not reweigh the underlying evidence presented at trial[,]” id. (quoting In re J.A.M.,

 372 N.C. 1, 11, 822 S.E.2d 693, 700 (2019)). The Court of Appeals went on to conclude

 “that the findings might support a conclusion of neglect; nevertheless, the findings do

 not compel such a conclusion, given the discretion we afford the trial courts in making

 such a determination.” In re K.S., 2020 WL 7974420, at *6. “In other words,” the

 Court of Appeals stated, “we cannot say as a matter of law that the trial court erred

 by failing to conclude that Kelly was a neglected juvenile.” Id.

 II. Analysis

¶8 An appellate court reviews a trial court’s adjudication “to determine whether

 the findings are supported by clear, cogent and convincing evidence and the findings

 support the conclusions of law.” In re Montgomery, 311 N.C. 101, 111, 316 S.E.2d

 246, 253 (1984).3 “Where no exception is taken to a finding of fact by the trial court,

 the finding is presumed to be supported by competent evidence and is binding on

 appeal.” Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

 Conclusions of law made by the trial court are reviewable de novo on appeal. In re

 C.B.C., 373 N.C. 16, 19, 832 S.E.2d 692, 695 (2019). An appeal de novo is one “in

 which the appellate court uses the trial court’s record but reviews the evidence and

 3 We recognize that In re Montgomery and In re C.B.C. reviewed orders terminating

 parental rights pursuant to what is currently N.C.G.S. § 7B-1109. Although this case
 concerns an adjudication order entered pursuant to N.C.G.S. § 7B-800, et seq., both
 determinations rely upon and relate to the definitions found in the current version of
 N.C.G.S. § 7B-101, and therefore, we employ the same standard of review.
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 law without deference to the trial court’s rulings.” Appeal De Novo, Black’s Law

 Dictionary (11th ed. 2019). “Under a de novo review, the court considers the matter

 anew and freely substitutes its own judgment for that of the [trial court].” In re

 T.M.L., 377 N.C. 369, 2021-NCSC-55, ¶ 15 (alteration in original) (quoting In re

 C.V.D.C., 374 N.C. 525, 530, 843 S.E.2d 202, 205 (2020)).

¶9 A neglected juvenile is one “whose parent, guardian, custodian, or

 caretaker . . . [d]oes not provide proper care, supervision, or discipline[;] . . . [or who

 c]reates or allows to be created a living environment that is injurious to the juvenile’s

 welfare.” N.C.G.S. § 7B-101(15) (2021). Traditionally, “there [must] be some

 physical, mental, or emotional impairment of the juvenile or a substantial risk of such

 impairment as a consequence of the failure to provide ‘proper care, supervision, or

 discipline’ in order to adjudicate a juvenile neglected.” In re E.P., 183 N.C. App. 301,

 307, 645 S.E.2d 772, 775 (quoting In re Helms, 127 N.C. App. 505, 511, 491 S.E.2d

 672, 676 (1997)), aff’d per curiam, 362 N.C. 82, 653 S.E.2d 143 (2007). “In neglect

 cases involving newborns, ‘the decision of the trial court must of necessity be

 predictive in nature, as the trial court must assess whether there is a substantial risk

 of future abuse or neglect of a child based on the historical facts of the case.’ ” In re

 J.A.M., 372 N.C. at 9, 822 S.E.2d at 698–99 (quoting In re McLean, 135 N.C. App.

 387, 396, 521 S.E.2d 121, 127 (1999)).
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

¶ 10 Here, the trial court’s findings of fact are largely based on facts agreed upon

 by the parties in the Stipulation Agreement and, thus, are supported by sufficient

 evidence. Further, as neither party challenges any of those findings, they are

 presumed to be supported by competent evidence and are binding on appeal.

 Koufman, 330 N.C. at 97, 408 S.E.2d at 731. With the facts in this case being

 supported by competent evidence and binding, the Court of Appeals was presented

 with the task of determining whether those facts supported the conclusion of law that

 Kelly was a neglected juvenile. Stated differently, the Court of Appeals was to decide

 whether the facts contained in the Stipulation Agreement supported the conclusion

 that respondent-mother did not provide proper care, supervision, or discipline; or that

 there is a substantial risk of future abuse or neglect. N.C.G.S. § 7B-101(15).

¶ 11 De novo review of an adjudication of neglect or dismissal of a claim of neglect

 does not allow a reweighing of the evidence. Nor does it require deference to the trial

 court. The Court of Appeals did not decide whether, from its review, the findings of

 fact support the conclusion of law that Kelly is a neglected juvenile pursuant to

 N.C.G.S. § 7B-101(15). Rather, the Court of Appeals stated that “another judge may

 have adjudicated Kelly as neglected based on the stipulated facts”; “the findings

 might support a conclusion of neglect”; and it could not “say as a matter of law that

 the trial court erred by failing to conclude that Kelly was a neglected juvenile.” In re

 K.S., 2020 WL 7974420, at *6. Such speculation is not appropriate under the
 IN RE K.S.

 2022-NCSC-7

 Opinion of the Court

 applicable standard of review. Instead, under a de novo review, the Court of Appeals

 was tasked with determining whether or not, from its review, the findings of fact

 supported a conclusion of neglect.

¶ 12 The Court of Appeals failed to conduct a proper de novo review on the issue of

 neglect. It did not discuss whether the findings of fact derived from the Stipulation

 Agreement were sufficient to conclude as a matter of law that Kelly should be

 adjudicated a neglected juvenile. Rather, the Court of Appeals’ analysis showed

 improper deference to the trial court’s conclusion of law. As such, we remand to the

 Court of Appeals with instructions to conduct a de novo review consistent with this

 opinion. By virtue of the result here, we need not address the remaining issues.

 III. Conclusion

¶ 13 For the foregoing reasons, we vacate the decision of the Court of Appeals and

 remand with instructions to apply the proper standard of review.

 VACATED AND REMANDED.