IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-7

No. 60PA21

Filed 11 February 2022

IN THE MATTER OF: K.S.

On discretionary review pursuant to N.C.G.S. § 7A-31 from a unanimous, unpublished decision of the Court of Appeals, No. COA20-271, 2020 WL 7974420 (N.C. Ct. App. Dec. 31, 2020) (unpublished), affirming in part, reversing in part, and remanding an order entered on 14 January 2020 by Judge Luis J. Olivera in District Court, Cumberland County. Heard in the Supreme Court on 8 November 2021.

*Patrick A. Kuchyt for petitioner-appellant Cumberland County Department of Social Services; and Michelle FormyDuval Lynch for appellant Guardian ad Litem.*

*J. Thomas Diepenbrock for respondent-appellee mother.*

BERGER, Justice.

¶ 1    When reviewing a lower court's order, the appellate court must be ever cognizant of the proper standard of review.  Because we conclude the Court of Appeals failed to apply the proper standard of review, we vacate the decision below and remand to the Court of Appeals with instructions to conduct a de novo review.

## I.    Factual and Procedural Background

On May 26, 2019, Kelly[1] was born to respondent-mother and father. The Cumberland County Department of Social Services (DSS) filed a juvenile petition three days later alleging Kelly to be a neglected and dependent juvenile. On October 4, 2019, DSS filed an amended juvenile petition with additional factual allegations. Following a judicial settlement conference, DSS, respondent-mother, and the guardian ad litem executed a "Stipulation Agreement and Written Agreement for Consent Adjudication Order Per 7B-801(b1)" (Stipulation Agreement).

As part of the Stipulation Agreement, the parties agreed that the following factual allegations set forth in the amended petition were true and accurate at the time the amended petition was filed:

> 1. [DSS] received a Child Protective Services (CPS) referral on 05/27/2019 concerning the safety of [Kelly].
>
> 2. [Respondent-mother] named [father] as [Kelly's] biological father. [Father] signed the Affidavit of Paternity as to [Kelly] and his name appears on [Kelly's] birth certificate.
>
> 3. [Respondent-mother] and [father] have two older children who are currently in the custody of [DSS] . . . . Furthermore, [respondent-mother and father] have an older child that was placed in the legal and physical custody of a relative . . . .
>
> 4. The oldest child . . . was adjudicated abused and neglected on 2/1/16 based on [father] physically abusing the child and the child having sustained severe injuries. The child was approximately three months old when the

---

[1] Pseudonyms are used in this opinion to protect the juveniles' identities.

abuse occurred. [Father] pled guilty and was convicted of felony child abuse. . . .

5. On 1/18/17, the juvenile [Kori] . . . , a sibling of [Kelly] and a child of [respondent-mother and father] was adjudicated dependent, and on 5/10/18, the juvenile [Kori] . . . , a sibling of [Kelly] and another child of [respondent-mother and father] was adjudicated neglected. These adjudications were based on the adjudication of the older child . . . and [respondent-mother and father] had not alleviated the conditions for which that child was removed from their care. At the time of said adjudications, [respondent-mother and father] continued to be involved in a relationship with each other. . . .

. . . .

10. At the time of the filing of the original petition, [respondent-mother and father] stated they did not have essential necessities for [Kelly].

. . . .

12. [Respondent-mother and father] admitted to Ms. Frances Holstein [(Kelly's kinship placement)] in June 2019 that on June 15, 2019, they were involved in a verbal and physical altercation with each other in the presence of the juvenile [April] . . . when [respondent-mother] drove [father] and the juvenile [April] in a vehicle. Based on said admissions, [respondent-mother] hit [father] and [father] hit [respondent-mother]. In addition, [father] physically choked [respondent-mother] after grabbing her. During these admissions to Ms. Frances Holstein, [respondent-mother] admitted that she knew [father] was not allowed around [April] when [respondent-mother] allowed [father] into the vehicle with [April] . . ..

13. [Father] further admitted to Ms. Frances Holstein that the June 15, 2019 altercation occurred as a result of

> [father] telling the juvenile [April] that he would bite [April] back after [April] bit him, [respondent-mother] taking [father's] statement seriously, [respondent-mother] hitting [father], [respondent-mother] beginning to drive like a maniac with [April] in the vehicle, and [father] trying to grab [respondent-mother].

> 14. Pursuant to the last order of the [trial c]ourt in [the sibling's juvenile case], [father] was not allowed any contact with the juvenile [April] . . . and that remained the order of the [trial c]ourt at the time of the June 15, 2019 incident.

> 15. [Respondent-mother] admitted to the [ ] social worker that an altercation occurred in June 2019 between her and [father] when [respondent-mother] picked [father] up after [father] demanded a car ride.

¶ 4 In addition to the facts set forth above, the parties stipulated that the allegations that led to removal of the juvenile were true and accurate and existed at the time of the filing of the amended petition. Among those facts were the current and prior CPS history; father's conviction for felony child abuse of Kelly's sibling, April; unstable housing; and domestic violence issues between respondent-mother and father. Respondent-mother reserved her right to argue before the trial court whether the stipulated facts were sufficient to support an adjudication of neglect.

¶ 5 Based on these admissions by respondent-mother, in addition to the testimony of a social worker, the trial court adopted the above factual allegations as findings of fact. The trial court found that the evidence presented was sufficient to support an adjudication of dependency. Further, and without explanation, the trial court

dismissed the claim of neglect. Respondent-mother appealed the adjudication of dependency, and DSS cross-appealed the trial court's dismissal of the claim of neglect.[2]

¶ 6 In affirming the trial court's dismissal of the claim of neglect, the Court of Appeals noted that "the parties do not challenge the evidentiary underpinnings of these findings of fact, but rather the legal import of these findings." *In re K.S.*, No. COA20-271, 2020 WL 7974420, at *5 (N.C. Ct. App. Dec. 31, 2020) (unpublished). Regarding the prior adjudications of Kelly's siblings, the Court of Appeals stated that the weight of such "is left to the discretion of the trial court." *In re K.S.*, 2020 WL 7974420, at *6. Concerning the verbal and physical altercation between respondent-mother and father and the violation of a court order, the Court of Appeals discussed how such "did not, as a matter of law, *compel* a conclusion that Kelly was neglected," because the altercation, standing alone, was not dispositive on the issue of neglect. *Id.*

¶ 7 The Court of Appeals concluded the trial court did not err in dismissing the neglect claim. In doing so, the Court of Appeals stated that "[w]hile another judge may have adjudicated Kelly as neglected based on the stipulated facts of the instant case," *id.*, it was not permitted to reach such a conclusion as "appellate courts may

---

[2] This Court allowed discretionary review only on issues related to neglect. Thus, the issue of dependency is not before us.

not reweigh the underlying evidence presented at trial[,]" *id.* (quoting *In re J.A.M.*, 372 N.C. 1, 11, 822 S.E.2d 693, 700 (2019)). The Court of Appeals went on to conclude "that the findings *might* support a conclusion of neglect; nevertheless, the findings do not *compel* such a conclusion, given the discretion we afford the trial courts in making such a determination." *In re K.S.*, 2020 WL 7974420, at *6. "In other words," the Court of Appeals stated, "we cannot say *as a matter of law* that the trial court erred by failing to conclude that Kelly was a neglected juvenile." *Id.*

## II. Analysis

An appellate court reviews a trial court's adjudication "to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law." *In re Montgomery*, 311 N.C. 101, 111, 316 S.E.2d 246, 253 (1984).[3] "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Conclusions of law made by the trial court are reviewable de novo on appeal. *In re C.B.C.*, 373 N.C. 16, 19, 832 S.E.2d 692, 695 (2019). An appeal de novo is one "in which the appellate court uses the trial court's record but reviews the evidence and

---

[3] We recognize that *In re Montgomery* and *In re C.B.C.* reviewed orders terminating parental rights pursuant to what is currently N.C.G.S. § 7B-1109. Although this case concerns an adjudication order entered pursuant to N.C.G.S. § 7B-800, *et seq.*, both determinations rely upon and relate to the definitions found in the current version of N.C.G.S. § 7B-101, and therefore, we employ the same standard of review.

law without deference to the trial court's rulings." *Appeal De Novo*, Black's Law Dictionary (11th ed. 2019). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re T.M.L.*, 377 N.C. 369, 2021-NCSC-55, ¶ 15 (alteration in original) (quoting *In re C.V.D.C.*, 374 N.C. 525, 530, 843 S.E.2d 202, 205 (2020)).

¶ 9    A neglected juvenile is one "whose parent, guardian, custodian, or caretaker . . . [d]oes not provide proper care, supervision, or discipline[;] . . . [or who c]reates or allows to be created a living environment that is injurious to the juvenile's welfare." N.C.G.S. § 7B-101(15) (2021). Traditionally, "there [must] be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline' in order to adjudicate a juvenile neglected." *In re E.P.*, 183 N.C. App. 301, 307, 645 S.E.2d 772, 775 (quoting *In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997)), *aff'd per curiam*, 362 N.C. 82, 653 S.E.2d 143 (2007). "In neglect cases involving newborns, 'the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case.' " *In re J.A.M.*, 372 N.C. at 9, 822 S.E.2d at 698–99 (quoting *In re McLean*, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999)).

Here, the trial court's findings of fact are largely based on facts agreed upon by the parties in the Stipulation Agreement and, thus, are supported by sufficient evidence. Further, as neither party challenges any of those findings, they are presumed to be supported by competent evidence and are binding on appeal. *Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. With the facts in this case being supported by competent evidence and binding, the Court of Appeals was presented with the task of determining whether those facts supported the conclusion of law that Kelly was a neglected juvenile. Stated differently, the Court of Appeals was to decide whether the facts contained in the Stipulation Agreement supported the conclusion that respondent-mother did not provide proper care, supervision, or discipline; or that there is a substantial risk of future abuse or neglect. N.C.G.S. § 7B-101(15).

De novo review of an adjudication of neglect or dismissal of a claim of neglect does not allow a reweighing of the evidence. Nor does it require deference to the trial court. The Court of Appeals did not decide whether, from its review, the findings of fact support the conclusion of law that Kelly is a neglected juvenile pursuant to N.C.G.S. § 7B-101(15). Rather, the Court of Appeals stated that "another judge may have adjudicated Kelly as neglected based on the stipulated facts"; "the findings *might* support a conclusion of neglect"; and it could not "say *as a matter of law* that the trial court erred by failing to conclude that Kelly was a neglected juvenile." *In re K.S.*, 2020 WL 7974420, at *6. Such speculation is not appropriate under the

applicable standard of review. Instead, under a de novo review, the Court of Appeals was tasked with determining whether or not, from its review, the findings of fact supported a conclusion of neglect.

The Court of Appeals failed to conduct a proper de novo review on the issue of neglect. It did not discuss whether the findings of fact derived from the Stipulation Agreement were sufficient to conclude as a matter of law that Kelly should be adjudicated a neglected juvenile. Rather, the Court of Appeals' analysis showed improper deference to the trial court's conclusion of law. As such, we remand to the Court of Appeals with instructions to conduct a de novo review consistent with this opinion. By virtue of the result here, we need not address the remaining issues.

## III.    Conclusion

For the foregoing reasons, we vacate the decision of the Court of Appeals and remand with instructions to apply the proper standard of review.

VACATED AND REMANDED.