LOIS E. KOUFMAN v. JAMES A. KOUFMAN

No. 96A90

(Filed 3 October 1991)

**1. Appeal and Error § 156 (NCI4th) — child support finding — no exception — binding on appeal**

The Court of Appeals erred in a child support action by concluding that a finding of fact was not supported by the

KOUFMAN v. KOUFMAN

[330 N.C. 93 (1991)]

evidence where plaintiff neither made exception to nor assigned as error that finding of fact. A finding is presumed to be supported by competent evidence and is binding on appeal where no exception is taken to the finding; furthermore, the scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal.

**Am Jur 2d, Appeal and Error §§ 609, 635, 636.**

2. **Divorce and Separation § 396 (NCI4th)— child support—finding as to needs—correct**

The trial court correctly calculated plaintiff wife's expenses, including fixed expenses, for a child attending boarding school where the court accepted in full the majority of the claimed expenses and adjusted only eleven of thirty-seven itemized expenses for the stated reason that the child was living outside of plaintiff's home all but seventy-one days a year. Those eleven expenses were not adjusted by a uniform percentage, but were carefully scrutinized and reduced individually. The court explained the reductions, and the plaintiff's affidavit of financial standing supported the court's methodology.

**Am Jur 2d, Divorce and Separation §§ 1035, 1039, 1040, 1045.**

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 97 N.C. App. 227, 388 S.E.2d 207 (1990), reversing an order entered by *Keiger, J.,* on 1 September 1988 in District Court, FORSYTH County. Heard in the Supreme Court 5 September 1990.

*White and Crumpler, by Fred G. Crumpler, Jr.; G. Edgar Parker; Christopher L. Beal; Dudley A. Witt; and J. Matthew Dillon, for plaintiff-appellee.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Clifton R. Long, Jr., for defendant-appellant.*

EXUM, Chief Justice.

From an order modifying defendant's child support obligation, plaintiff appealed to the Court of Appeals. The Court of Appeals reversed this order and remanded the case for reinstatement of

the original child support order.* We now reverse the Court of Appeals' decision and reinstate the trial court's modification order.

Plaintiff wife and defendant husband were married on 16 August 1969. They had two children, Joseph Matthew Koufman, born 12 April 1972, and H. Clifford Koufman, born 11 June 1974. Plaintiff and defendant separated on 6 November 1985. At that time the family resided in Forsyth County and both children were attending Summit School, a private school in Forsyth County. On 6 February 1986 plaintiff filed a complaint in Forsyth District Court for divorce from bed and board, child custody, child support, and alimony.

On 24 October 1986 the parties signed a consent order providing as follows: (1) plaintiff was to be primary custodian of the children; (2) the children were to live with each parent fifty percent of the time; and (3) defendant was to pay plaintiff $3,333 a month in child support, for a total of $40,000 a year. The consent order included several findings of fact, notably the following:

(12) The minor children are healthy, normal children, active in school and extracurricular activities. That the children have been attending and it is contemplated that they shall continue to attend private school. That the parties have made past expenditures for the health, education and maintenance of said children in excess of $3,000.00 per month.

The consent order further provided that defendant pay up to $10,000 per year for the children's private school expenses, and that any private school expenses over that amount would be paid equally by the parties.

Defendant complied with the consent order and paid the monthly child support as ordered through September 1987. At about that time, the older son Joseph was enrolled in Woodberry Forest, a boarding school costing $11,435 a year. Beginning in October 1987, defendant reduced his child support payments to plaintiff by $288.17 a month. Defendant explained that the adjustment reflected plaintiff's share of increased education expenses, including Joseph's new boarding school tuition and the younger child's tuition which had risen to $5,980 a year.

---

* The trial court also ruled that defendant was not in contempt for failure to comply with the original support order. The Court of Appeals unanimously affirmed that ruling and this aspect of the Court of Appeals' decision is not before us and remains undisturbed.

KOUFMAN v. KOUFMAN

[330 N.C. 93 (1991)]

Plaintiff on 21 October 1987 filed a motion in Forsyth District Court for defendant to appear and show cause why he should not be held in contempt for violating the terms of the 1986 consent order. Plaintiff contended that defendant had unilaterally enrolled Joseph in boarding school without plaintiff's consent to share the added expense. Defendant on 4 November 1987 filed a response and moved to reduce child support payments under the consent order on the grounds of a material change in circumstances.

During the recess of a hearing on both motions before Keiger, J., on 8 February 1988, the parties executed a "memorandum of judgment" providing *inter alia* that defendant's child support obligation be reduced to $1,000 a month per child; that defendant pay all private school expenses of the children; and that defendant be given credit against his child support obligation for any private school expenses exceeding $18,000 per year. The document, however, was not signed by the trial court and was not filed in court records. When plaintiff refused to sign a consent order making identical provisions, defendant moved that the trial court adopt the memorandum of judgment as a court order. The court denied that motion.

The trial court resumed the hearing on plaintiff's and defendant's respective motions on 24 August 1988 and held that defendant was not in contempt of court. In an order filed 6 September 1988 the trial court found as a fact that the parties stipulated it would be in Joseph's best interest to continue attending Woodberry Forest. The trial court denied plaintiff's motion to dismiss defendant's motion to modify the 1986 consent order and held that a material change of circumstances had occurred justifying a modification. The trial court reduced defendant's child support obligation to $1,700 per month, ordered defendant to pay all the children's education expenses, and ordered defendant to provide insurance and pay all the children's reasonable medical expenses.

N.C.G.S. § 50-13.7 provides that a child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." N.C.G.S. § 1A-1, Rule 52(a) provides that when a trial court sits as trier of fact, it must "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." In the case *sub judice* the trial court followed this procedure. In support of its order, the trial court entered eighteen detailed find-

ings of fact and four conclusions of law, demonstrating its thoughtful and meticulous consideration of the evidence.

[1]   Only two factual findings by the trial court are at issue in this appeal: the trial court's finding of plaintiff's reasonable past expenses for the two children, and the trial court's calculation of plaintiff's reasonable current expenses for one of the children. A majority of the Court of Appeals concluded that (1) the trial court's finding of fact concerning past expenses was not supported by sufficient evidence and (2) the trial court erroneously calculated plaintiff's reasonable current expenses for the older child Joseph. Greene, J., dissented from the majority decision to reverse the modification order. The dissent concluded that the order was sufficiently supported by evidence and the trial court had properly calculated plaintiff's current expenses for Joseph. We conclude that the issue of the sufficiency of evidence to support the finding of past expenses has not been properly presented on appeal and should not have been addressed by the Court of Appeals. We agree with Judge Greene's position that the trial court's other challenged finding properly calculated plaintiff's reasonable current expenses for Joseph.

The trial court's order contained the following finding of fact:

(2) In October of 1986, the plaintiff's net income was approximately $4,200 per year; that the defendant's gross income was approximately $135,000 per year; that the plaintiff's expenses in her home for the minor children were in excess of $3,000 per year [sic].

(The Court of Appeals assumed, and we agree, that the trial court intended the order to say "$3,000 per *month*" rather than "per *year*.")

The Court of Appeals concluded that the trial court erred in modifying the original child support order because the above finding, upon which the modification was in part based, was not supported by sufficient evidence. Although plaintiff excepted to and assigned as error several findings of fact by the trial court, plaintiff neither made exception to nor assigned as error finding of fact (2), quoted above. Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal. *Schloss v. Jamison*, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962); *Williams v. Williams*, 97 N.C. App. 118, 121, 387 S.E.2d 217, 219 (1990). Furthermore,

the scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal. N.C. R. App. P. 10(a); *State ex rel. Utilities Comm. v. Nantahala Power & Light Co.*, 313 N.C. 614, 649, 332 S.E.2d 397, 418-19 (1985), *rev'd on other grounds*, 476 U.S. 953, 90 L. Ed. 2d 943 (1986); *Durham v. Quincy Mutual Fire Ins. Co.*, 311 N.C. 361, 367, 317 S.E.2d 372, 377 (1984). The Court of Appeals erred in reversing the trial court on an issue not properly presented for appeal by exception or assignment of error.

[2] Plaintiff properly excepted and assigned error to the following finding of fact by the trial court:

(10) At the present time, the plaintiff's expenses for the child Joseph are approximately $583 per month, not including medical insurance and room, board and tuition at Woodberry Forest; that the Court has calculated that amount by reviewing the financial affidavit of the plaintiff executed August 5, 1988; that the Court finds that said affidavit is substantially true and correct with the following exceptions:

$50, not $150 for household and yard maintenance
$10, not $30 for electricity
$10, not $25 for gas, fuel, oil
$1, not $4 for water
$1, not $5 for cable
$3, not $15 for household supplies
$2, not $10 for newspapers and magazines
$20, not $50 for recreation
$6, not $16 for automobile insurance
$5, not $15 for automobile gas
$5, not $35 for automobile repairs
$30, not $60 for food at home

That the Court has reduced the plaintiff's expenses for Joseph for household and yard maintenance as the Court specifically finds that the plaintiff's total expenses for household and yard maintenance do not exceed the total sum of $150 per month; that furthermore, the Court has reduced the expenses listed for the rest and remainder of the beforementioned items due to the fact that the child only spends approximately 71 days per year in the homeplace of the plaintiff and, therefore, the

Court finds that the portion of said expenses attributable to said child should be reduced to the amount found herein.

A majority of the Court of Appeals panel, relying on *Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E.2d 116 (1979), held that the trial court's method of calculating plaintiff's expenses for Joseph was at least partly in error because the trial court reduced amounts for fixed expenses such as cable television and automobile insurance. *Gilmore* held that a trial court erred in ordering a one-third reduction in child support after one of three children provided for under the original order reached majority. Noting that the record reflected no evidence of actual reduction in the custodial parent's expenses for the children, the court held that "it is impermissible to presume that such child-oriented expenses are proportionally divisible. The presumption, if any is appropriate at all, would be to the contrary in light of the fixed and indivisible costs of providing a home, and the varying requirements of the children." *Id.* at 563, 257 S.E.2d at 118-19.

*Gilmore* does not control here. Here the trial court accepted in full the majority of the claimed expenses related to Joseph, including fixed expenses such as the house mortgage, homeowner's insurance, and property taxes. It adjusted only eleven of thirty-seven itemized expenses claimed by plaintiff for the stated reason that Joseph was living outside plaintiff's home all but seventy-one days a year. It did not adjust these eleven expenses by a uniform percentage, but carefully scrutinized and reduced each individually. The trial court explained why it reduced these expenses. For example, the trial court specifically found that plaintiff's entire yard maintenance expense did not exceed $150 per month, explaining why the court reduced Joseph's share of the expense from $150 to $50. Plaintiff's affidavit of financial standing, filed with the trial court on 5 August 1988 and referred to in the trial court's modification order, provided evidence to support the trial court's methodology employed in finding of fact (10) as to expenses relating to Joseph. The affidavit listed thirty-seven child-related expenses, including such items as transportation, dental, and food at home and away from home. For each item the affidavit allocated separate expense amounts for Joseph and the younger child Clifford. We conclude the trial court's calculation of plaintiff's current expenses for Joseph was without error.

BARBEE v. HARFORD MUTUAL INS. CO.

[330 N.C. 100 (1991)]

For the foregoing reasons, the decision of the Court of Appeals is reversed and the trial court's order modifying defendant's support obligation is reinstated.

Reversed.