An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-832
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IN THE MATTER OF:

J.A., J.J. and J.J.                    Mecklenburg County
                                       Nos. 12 JA 382-84


Appeal by respondent mother from orders entered 19 April 2013 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 14 April 2014.

> *Twyla Hollingsworth-Richardson, for petitioner-appellee Mecklenburg County Department of Social Services.*
>
> *J. Thomas Diepenbrock, for respondent-appellant mother.*
>
> *Nelson Mullins Riley & Scarborough LLP, by Stephen Martin, for guardian ad litem.*


HUNTER, JR., Robert N., Judge.


Respondent mother ("Teresa") appeals from orders adjudicating her minor child J.A. ("Julie")[1] to be a neglected juvenile. Because the trial court's unchallenged findings of

---

[1] Julie is a pseudonym used to protect the identity of the juvenile pursuant to N.C. R. App. P. 3.1(b). Other pseudonyms are used for the respondent mother, Julie's putative father, and Julie's siblings to further conceal Julie's identity.

fact support its conclusion that Julie is a neglected juvenile, we affirm.

Teresa gave birth to Julie in March 2012, and Julie was born with a congenital heart defect that required surgery to reconstruct her aortic arch. Julie's condition also impeded the development of the reflexes and muscles necessary to eat normally, and she had to receive nutrition through a gastronomy tube. Teresa and Julie's putative father ("Earl") received education and training from members of the hospital staff regarding the intensive care needed to ensure Julie's health. Their training included information about the nature of Julie's heart defect, how to administer her medication, how to conduct all of her necessary daily medical assessments, and how to identify symptoms of cardiac decompensation. The hospital discharged Julie to the home of Teresa's mother on 22 May 2012, with a discharge plan that included semiweekly appointments with a home health nurse.

On 15 June 2012, the Mecklenburg County Department of Social Services ("DSS") filed a petition alleging Julie and her older siblings, J.A. ("Pat") and J.J. ("Taylor"), were neglected juveniles. DSS alleged that Teresa had not kept Julie's necessary medical appointments and had not provided appropriate

care or stable living arrangements for Julie. The neglect allegations regarding Pat and Taylor were based on their co-residence in the home where Julie was neglected, and on prior allegations of domestic violence and improper supervision. DSS took non-secure custody of Julie, Pat, and Taylor the same day.

After adjudication hearings held on 15 and 19 February 2013 and a disposition hearing held on 25 February 2013, the trial court entered adjudication and disposition orders on 19 April 2013 adjudicating Julie to be a neglected juvenile, but dismissing the petition concerning Pat and Taylor. The court concluded Julie had not received her necessary medical care and that immediate return to Teresa's home was not in her best interests. The trial court continued custody of Julie with DSS, ordered DSS to continue making reasonable efforts to reunify Julie with Teresa, and directed Teresa to comply with all of her Family Service Agreement requirements. Teresa filed a timely notice of appeal.

Teresa argues the trial court erred when it allowed the admission of hearsay evidence at the adjudication hearing. Teresa also argues the trial court's conclusion that Julie is a neglected juvenile is not supported by the evidence. We disagree.

"The role of this Court in reviewing a trial court's adjudication of neglect is to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact." *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quotation marks and citations omitted), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.* The determination that a child is a neglected juvenile under N.C. Gen. Stat. § 7B-101(15) (2013) is a conclusion of law subject to *de novo* review. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675-76 (1997).

While Teresa properly states the applicable standard of review in this appeal, she does not properly apply it to the issues presented to this Court. In her first argument, Teresa asserts that the trial court erred by admitting, over objection, the hearsay statements of Earl. However, Teresa only links the alleged hearsay evidence to one of the trial court's findings of fact, that Teresa "had not kept the child's necessary medical appointments[,]" and even this argument is unavailing as the finding is supported by other testimony apart from the alleged

hearsay evidence. Because Teresa does not challenge any of the forty-nine other findings of fact made by the trial court in its adjudication order, or any of the findings of fact made in the court's disposition order, they are all binding upon this Court on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Further, Teresa's argument that the trial court erred by allowing hearsay into evidence fails to link the alleged hearsay to the court's findings and thus cannot provide Teresa a basis for relief on appeal.

Similarly, in her challenge to the trial court's conclusion that Julie is a neglected juvenile, Teresa fails to argue that this conclusion is not supported by the court's findings of fact. Instead, Teresa argues that when the focus is properly put on Julie's status, the *evidence* does not support the court's conclusion that she is a neglected juvenile. Teresa essentially asks this Court to review the evidence that was before the trial court, ignore the trial court's findings of fact, and substitute our judgment on the evidence for that of the trial court. We decline this invitation. *See In re Hughes*, 74 N.C. App. 751, 759, 330 S.E.2d 213, 218 (1985) ("The trial judge determines the weight to be given the testimony and the reasonable inferences to be drawn therefrom. If a different inference may be drawn

from the evidence, he alone determines which inferences to draw and which to reject.")

Here, the trial court found that Teresa failed to provide the medical care Julie needed. Specifically, the trial court found Teresa attended only one home healthcare appointment and never contacted her home health nurses to seek education, support, or training regarding Julie's health needs. The trial court also found Teresa left Julie in the care of Earl without providing him with all of the equipment necessary to monitor her medical condition or her prescribed medication. The trial court further found that on 12 June 2012, Teresa called the Sanger Clinic to reschedule Julie's cardiology appointment. At that time, Teresa was instructed to bring Julie to the clinic for evaluation because Julie was experiencing diarrhea, a symptom of cardiac decompensation.

Teresa did not take Julie to the clinic, however, and two days later she unexpectedly left Julie in the care of Earl's grandmother. When Earl arrived at his grandmother's home, he found Julie had a pus-filled sore around her gastronomy tube, that the gastronomy tube was crusty and clogged with food, and that Julie looked unwell and was suffering from diarrhea. Earl took Julie to the emergency room, where she was found to be

dehydrated and suffering from low blood sugar and acidosis. The court found that Julie's condition when she arrived at the hospital was potentially fatal. These findings are unchallenged by Teresa and thus binding on appeal.

We hold the trial court's conclusion that Julie is a neglected juvenile is fully supported by its unchallenged findings of fact. *See* N.C. Gen. Stat. § 7B-101(15) (2013) (defining a neglected juvenile, in part, as one "who is not provided necessary medical care"). Accordingly, the trial court's adjudication and disposition orders are

AFFIRMED.

Judges ERVIN and DAVIS concur.

Report per Rule 30(e).