IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1042

Filed 12 September 2023

Office of Administrative Hearings, No. 21DHR4543

PINNACLE HEALTH SERVICES OF NORTH CAROLINA LLC, d/b/a CARDINAL POINTS IMAGING OF THE CAROLINAS WAKE FOREST and OUTPATIENT IMAGING AFFILIATES LLC, Petitioner,

v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE OF NEED SECTION, Respondent,

and

DUKE UNIVERSITY HEALTH SYSTEM INC., Respondent-Intervenor.

Appeal by North Carolina Department of Health and Human Services, Division of Health Service Regulation, Health Care Planning and Certificate of Need Section, and Duke University Health System Inc. from the final decision entered 19 July 2022 by Administrative Law Judge Melissa Owens Lassiter in the Office of Administrative Hearings. Heard in the Court of Appeals 9 August 2023.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, by Matthew A. Fisher, for respondent-intervenor-appellant.*

*Attorney General Joshua H Stein, by Assistant Attorney General Kimberly Randolph, for respondent-appellant.*

*Fox Rothschild LLP, by Marcus C. Hewitt and Elizabeth Sims Hedrick, for petitioner-appellee.*

FLOOD, Judge.

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

North Carolina Department of Health and Human Services and Duke University Healthcare Systems Inc. (collectively "Respondents") appeal from the Final Decision of the Administrative Law Judge ("ALJ"). After careful review, we affirm.

## I. Factual and Procedural Background

Petitioners Pinnacle Health Services of North Carolina and Outpatient Imaging Affiliates (collectively "Pinnacle") are limited liability companies authorized to conduct business in the state of North Carolina. Pinnacle operates medical imaging practices in Wake County, North Carolina. Respondent-Intervenor, Duke University Healthcare Systems ("Duke"), provides medical care, hospital care, medical education, and medical research in North Carolina. Respondent North Carolina Department of Health and Human Services (the "Agency") is the administrative body responsible for the administration of North Carolina Certificate of Need ("CON") law. A CON is required for certain "institutional health services," such as the procurement of a magnetic resonance imaging ("MRI") scanner.

On 15 April 2021, Pinnacle filed a CON application with the Agency, proposing to place one fixed MRI scanner in a diagnostic center in Wake Forest, North Carolina. On the same day, Duke filed a CON application with the Agency, proposing to place an MRI scanner in its diagnostic center in Raleigh, North Carolina. The Agency could approve only one application. Thus, the Agency conducted a competitive review of the applications to determine which was more effective for the purposes of awarding

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

the CON. On 24 September 2021, the Agency approved Duke's application and denied Pinnacle's application. The Agency determined Duke's application was more effective as to geographic accessibility and access to service areas for residents—two of the factors required in a competitive review.

On 22 October 2021, Pinnacle filed a Petition for Contested Case Hearing in the Office of Administrative Hearings, appealing the Agency's decision. The appeal was heard by ALJ Lassiter in a week-and-a-half-long hearing. On 19 July 2022, ALJ Lassiter entered the Final Decision awarding the CON to Pinnacle and reversing the Agency's decision to award the CON to Duke. ALJ Lassiter concluded the Agency's decision was based on material errors in the geographic accessibility analysis that led to the erroneous decision that Duke's application would be more effective. ALJ Lassiter further concluded the Agency erroneously failed to follow principles used to determine historical utilization, which would have revealed Pinnacle's as the more effective application. Finally, ALJ Lassiter concluded Pinnacle met its burden of demonstrating the Agency's decision substantially prejudiced its rights.

On 18 August 2022, Respondents filed timely notices of appeal.

## II. **Jurisdiction**

The Final Decision issued by ALJ Lassiter is a final decision pursuant to N.C. Gen. Stat. § 131E-188 (2021). This Court, therefore, has jurisdiction to review this appeal from a final judgment entered by an ALJ pursuant to N.C. Gen. Stat. § 7A-29(a) (2021).

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

### III. <u>Analysis</u>

Duke presents two arguments on appeal: (1) the ALJ erred in analyzing and changing the Agency's comparative analysis review; and (2) the Agency correctly concluded Duke's application was comparatively superior and the most effective alternative under its comparative review analysis. The Agency argues the ALJ's final decision should be reversed due to Pinnacle's failure to demonstrate substantial prejudice. Because Duke and the Agency failed to make any specific arguments challenging any specific findings of fact, we will not reach the merits of their respective arguments.

### A. Standard of Review

Even though Duke and the Agency adopt each other's respective arguments by reference pursuant to North Carolina Rule of Appellate Procedure 28(f), for clarity, we will attribute the arguments made in each brief to the respective party. First, we begin with Duke's arguments regarding the appropriate standard of review.

Duke implores this Court to review this case by giving deference to the Agency's decision, and not to the Final Decision of the ALJ. To support this argument, Duke cites several of this Court's precedents that did, in fact, analyze agency decisions by giving deference to the agency's expertise and experience in the particular field. While this review would have been correct in the cases preceding the 2011 legislative session, it is not a correct application of current law. What Duke failed to note, either fortuitously or conveniently, is that our legislature amended the

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

Administrative Procedure Act (the "APA") in 2011, "conferring upon [ALJs] the authority to render final decisions in challenges to agency actions, a power that had previously been held by the agencies themselves." *AH N.C. Owner LLC v. N.C. Dep't of Health and Hum. Servs.*, 240 N.C. App. 92, 98, 771 S.E.2d 537, 541 (2015); *see also* 2011 N.C. Sess. Laws 1678, 1685–97, ch. 398, §§ 15–55. Before the legislature amended the APA, an ALJ would issue a recommended decision to the respective agency, which the agency was then free to adopt in full or in part, or reject in full. *See id.* at 98, 771 S.E.2d at 541. Since the 2011 amendment, however, the ALJ decision is no longer a recommendation but rather is the final decision binding on parties. *See* N.C. Gen. Stat. § 150B-34(a) (2021). In reviewing an agency decision, the ALJ "shall decide the case based upon the preponderance of the evidence, giving due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency." *Id.*

As for our review of the ALJ's final decision:

> (b) The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>
> (3) Made upon unlawful procedure;

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under [N.C. Gen. Stat.] 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2021). When reviewing a final decision under subsection five or subsection six of N.C. Gen. Stat. § 150B-51, this Court applies the whole record test. *See* N.C. Gen. Stat. § 150B-51(c) (2021). While Duke does not specify which subsections under which it challenges the Final Decision, it correctly posits that the appropriate standard of review is the whole record test.

When applying the whole record test,

> [the reviewing court] may not substitute its judgment for the [ALJ's] as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter *de novo*. Rather, a court must examine all the record evidence—that which detracts from the [ALJ's] findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the [ALJ's] decision.

*Brewington v. N.C. Dep't of Pub. Safety,* 254 N.C. App. 1, 13, 802 S.E.2d 115, 124 (2017) (first alteration in original). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Surgical Care Affiliates, LLC v. N.C. Dep't of Health and Hum. Servs.*, 235 N.C. App. 620, 623, 762 S.E.2d 468, 470 (2014).

Duke correctly argues we are required to give a high degree of deference, but

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

incorrectly asserts to whom this deference is given.

> [I]n an administrative proceeding, it is the prerogative and duty of [the ALJ], once all the evidence has been presented and considered, to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence. The credibility of witnesses and the probative value of particular testimony are for the [ALJ] to determine, and [the ALJ] may accept or reject in whole or in part the testimony of any witnesses. Our review, therefore, must be undertaken with a high degree of deference as to the credibility of witnesses and the probative value of particular testimony.

*Brewington*, 254 N.C. App. at 13, 802 S.E.2d at 124–25 (first alteration added) (internal quotation marks and citation omitted).

## B. Failure to Challenge Specific Findings

Pinnacle argues Respondents' respective failures to challenge specific findings of fact in the Final Decision render those challenges abandoned. We agree.

On appeal, the burden is on the appellant to show an error by the lower court. *See Rittelmeyer v. Univ. of N.C. at Chapel Hill*, 252 N.C. App. 340, 351, 799 S.E.2d 378, 385 (2017) (concluding the petitioner had abandoned her argument challenging the findings of fact because the petitioner "failed to specifically raise an argument on appeal to *any* particular finding of fact, [] failed to address any particular finding of fact as not supported by the evidence, and [] failed to raise any issues with the findings of fact . . . ."). All unchallenged findings are deemed to be supported by substantial evidence and "therefore are conclusively established on appeal."

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

*Brewington*, 254 N.C. App. at 17, 802 S.E.2d at 126 (quoting *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.")).

Our Supreme Court made this principle of judicial review crystal clear in *Brackett v. Thomas*. 371 N.C. 121, 814 S.E.2d 86 (2018) (unchallenged findings of fact in an appeal from an agency decision are binding on appeal). The dissent posits *Brackett* is inapplicable because the holding does not apply to the whole record test. The statute under review in *Brackett*, however, limited the reviewing court to determining whether there is sufficient evidence "in the record" to support the agency's decision. *Id.* at 125, 814 S.E.2d 86; *see also* N.C. Gen. Stat. § 20-15.2(e) (2021). As we have stated, the whole record test requires the reviewing court to determine whether there is substantial evidence in the record to support the ALJ's Final Decision. *See Brewington,* 254 N.C. App. at 13, 802 S.E.2d at 124.

Under *Brackett*, a reviewing court must not consider "whether the evidence in the record" supports the conclusion of the lower court, but "whether the uncontested findings of fact" support the conclusion. *Brackett*, 371 N.C. at 126, 814 S.E.2d at 89. *Brackett* is clear: "[i]t is the role of the agency, rather than a reviewing court, 'to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts and to appraise conflicting and circumstantial evidence.'" *Id.* at 126–27, 814 S.E.2d at 89 (citation omitted).

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

### 1. Duke's Arguments

Duke asserts that "[t]hroughout its brief and in its proposed issues on appeal Duke makes it clear that it is appealing the ALJ's decision to reverse the Agency's decision to award Duke a CON." This may be true; Duke, however, failed to make any specific arguments challenging any particular findings of fact. *See Rittelmeyer*, 252 N.C. App. at 349, 799 S.E.2d at 384. Most of Duke's brief is dedicated to showing why the Agency decision was correct, while failing to specifically show this Court where the ALJ's Final Decision was incorrect. Duke makes various conclusory statements including that the ALJ failed to apply the appropriate standard of review, the ALJ erred in changing the Agency's comparative analysis review, and the Agency's decision was correctly decided. Instead of challenging specific findings of fact, however, Duke cites to a range of pages within the Record. We decline Duke's apparent invitation to sift through the entire Record to find substantial evidence, or lack thereof, for all 155 findings of fact enumerated in the Final Decision. That is the job of the appellant. *See Rittelmeyer*, 252 N.C. App. at 351, 799 S.E.2d at 385.

### 2. The Agency's Argument

The Agency argues this Court's role is to review whether Pinnacle met its burden of showing substantial prejudice. The question before this Court, however, is "whether the whole record contains relevant evidence that a reasonable mind might accept as adequate *to support the [ALJ's] decision*" that Pinnacle showed it suffered substantial prejudice from the Agency's granting of the CON to Duke. *CaroMont*

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

*Health, Inc. v. N.C. Dep't of Health and Hum. Servs.*, 231 N.C. App. 1, 5, 751 S.E.2d 244, 248 (2013) (emphasis added). Our review is not conducted with an eye towards whether Pinnacle met its burden of proof to the ALJ; instead, our review is focused on whether the ALJ's Final Decision concluding Pinnacle did meet its burden is supported by substantial evidence. As previously stated, without challenging specific findings of fact in the Final Decision, which the Agency failed to do, those findings are binding on appeal. *See Brewington*, 254 N.C. App. at 17, 802 S.E.2d at 126. We further decline to give the same deferential reading of the Agency's brief as the dissent does, and to interpret the Agency's arguments as challenging specific findings of fact, when no such findings are explicitly challenged.

As both Duke and the Agency failed to challenge specific findings of fact in their respective briefs, the findings of fact in the Final Decision are deemed to be supported by substantial evidence and survive the whole record test. *See Brewington*, 254 N.C. App. at 17, 802 S.E.2d at 126. Were we to review the appeal at hand without Respondents challenging specific findings of fact, as the dissent concludes we should, we would be impermissibly determining the weight and sufficiency of the evidence and drawing our own inferences from the facts. *Brackett* makes clear that this type of review is "prohibited." *Brackett*, 371 N.C. at 127, 814 S.E.2d at 89.

## IV. Conclusion

For the reasons stated above, we hold the ALJ's Final Decision was supported by substantial evidence. We therefore affirm the ALJ's Final Decision awarding the

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T HEALTH & HUM. SERVS.

*Opinion of the Court*

CON to Pinnacle.

AFFIRMED

Judge CARPENTER concurs.

Judge TYSON dissents in a separate opinion.

No. COA22-1042 – *Pinnacle Health Servs. of N.C., LLC v. N.C. Dep't of Health & Hum. Servs.*

TYSON, Judge, dissenting.

The majority's opinion erroneously affirms the Administrative Law Judge's ("ALJ") decision to reverse the agency's decision and award the Certificate of Need ("CON") to Pinnacle. I disagree with the standard of review the majority applies to review Duke's and North Carolina Department of Health and Human Services' ("NC DHHS") arguments and the ALJ's decision on appeal. I respectfully dissent.

## I. The Office of Administrative Hearings' Standard of Review

Contrary to the majority's assertion that Duke did not raise or properly challenge the ALJ's decision, the first sentence of Duke's argument on appeal states: "The ALJ failed to exercise the appropriate *scope of review* in reviewing the Agency's selection of factors it used for the Comparative Analysis Review of the Duke and Pinnacle applications and how it applied those factors in this review." (emphasis supplied). Duke argues the ALJ applied the wrong statutory standard of review when examining and reversing the agency's decision to grant the CON to Duke instead of Pinnacle.

Duke further advances this argument later in its brief: "In essence, Pinnacle encouraged the ALJ to conduct a *de novo* review of the Agency's decision and the ALJ improperly did exactly that. Duke now anticipates that Pinnacle will contend that this Court also should affirm the ALJ's erroneous application of a *de novo* standard[.]" Duke further asks this Court to apply "the legally applicable standard," i.e., the

PINNACLE HEALTH SERVS. OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

correct statutory standard of review the ALJ should have applied to the agency's decision, and hold as a matter of law "the Agency committed no error" by awarding the CON to Duke.

The ALJ's mandated standard of review of NC DHHS' decision is defined in the North Carolina Administrative Procedure Act ("NCAPA"). N.C. Gen. Stat. §§ 150B-1 to 52 (2021). The NCAPA limits the ALJ's review of an agency's decision to whether the agency: "substantially prejudiced the petitioner's rights *and* that the agency did any of the following: (1) Exceeded its authority or jurisdiction. (2) Acted erroneously. (3) Failed to use proper procedure. (4) Acted arbitrarily or capriciously. (5) Failed to act as required by law or rule." N.C. Gen. Stat. § 150B-23(a)(1)-(5) (2021) (emphasis supplied).

The standard of review this Court applies on appeal differs from the standard of review the ALJ applies to an agency's decision. Our standard of review provides two separate standards of appellate review, depending upon the appealing party's alleged errors and arguments before this Court. N.C. Gen. Stat. § 150B-51 (2021)

A *de novo* standard of review is applied if a party argues the ALJ's "findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions; (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge; (3) Made upon unlawful procedure; [or] (4) Affected by other error of law[.]" N.C. Gen. Stat. § 150B-51(b)(1)-(4) and 51(c).

If the appealing party argues the ALJ's decision was "(5) Unsupported by

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

substantial evidence admissible . . . in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion[,]" this Court must apply the "whole record" test. N.C. Gen. Stat. § 150B-51(b)(5)-(6) and 51(c).

The majority's opinion concludes Duke's argument asserting the ALJ applied the wrong standard of review falls under either subsections (5) and (6) of § 150B-51(b), and this Court should review Duke's argument using a "whole record" standard of review.

Duke's argument asserting the ALJ used the wrong standard of review when examining the agency's decision is properly reviewed under subsections (2), (3), or (4) of § 150B-51. Whether the ALJ applied the correct standard of review is a question of law, and any failure by the ALJ to apply the correct standard of review is best categorized as the ALJ's decision being: "(2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge; (3) Made upon unlawful procedure; [or] (4) Affected by other error of law[.]" N.C. Gen. Stat. § 150B-51(b)(2)-(4). On appeal, this Court should conduct a *de novo* review of whether the ALJ applied the correct standard of review. N.C. Gen. Stat. § 150B-51(c).

This Court is required, and the majority's opinion should have determined, whether the ALJ applied the appropriate standard of review set out in N.C. Gen. Stat. § 150B-23(a). While this Court lacks the authority to examine the agency's findings using the statutory standard of review *prescribed to the ALJ* in N.C. Gen. Stat. § 150B-23(a), this Court maintains the authority to remand the matter to the ALJ to

- 3 -

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

comply with statute and to correctly apply the statutorily-mandated standard of review.

The ALJ's order recites the correct conjunctive standard of review from the NCAPA:

> 17. According to N.C. Gen. Stat. § 150B-23(a), an agency decision is subject to reversal if the agency substantially prejudiced Petitioner's rights *and:*
> > (1) Exceeded its authority or jurisdiction.
> > (2) Acted erroneously.
> > (3) Failed to use proper procedure.
> > (4) Acted arbitrarily or capriciously; or
> > (5) Failed to act as required by law or rule.

Pinnacle's argument asserts the ALJ's decision and the record before us indicate the ALJ applied the appropriate standard of review pursuant to N.C. Gen. Stat. § 150B-23(a). In reviewing an agency decision, the ALJ is mandated and "shall decide the case based upon the preponderance of the evidence, giving due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency." N.C. Gen. Stat. § 150B-34(a).

When the ALJ reviewed NC DHHS' comparative analysis of Duke's and Pinnacle's CON applications, the ALJ focused its findings of fact on whether the agency had "acted erroneously," which is a prong of N.C. Gen. Stat. § 150B-23(a)(2). The ALJ found: (1) "[T]he Agency acted erroneously by concluding that Duke was superior on the Geographic Accessibility comparative factor" because certain ratios

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

had a denominator of zero, which is mathematically impossible; (2) "Pinnacle's Operating Expenses were the lowest of all three applicants, and therefore Pinnacle was more effective. By finding this factor inconclusive and failing to find Pinnacle more effective, the Agency acted erroneously[;]" (3) "The Agency's own calculations demonstrated that Pinnacle had the highest historical utilization per existing scanner and would be more effective with respect to this factor[;]" and, (4) "Pinnacle projected the highest historical utilization per scanner and should have been found 'more effective' with respect to the historical utilization factor. The Agency's determination that this factor was inconclusive was erroneous[.]"

While the ALJ is statutorily required to give "due regard to the demonstrated knowledge and expertise of the agency" as required by N.C. Gen. Stat. § 150B-34(a), the NCAPA also permits the ALJ to examine whether the agency "acted erroneously" or "failed to use proper procedure" using the standard of review outlined in N.C. Gen. Stat. § 150B-23(a)(2)-(3). This Court should examine Duke's argument using a *de novo* standard of review and determine whether the agency followed the statutory standard of review in N.C. Gen. Stat. § 150B-23(a).

## II.    Challenged Findings of Fact

NC DHHS argues Pinnacle failed to demonstrate and meet its statutory burden of showing "substantial prejudice" as a result of the CON being awarded to Duke. N.C. Gen. Stat. § 150B-23(a). The agency asserts Pinnacle failed to meet its burden before the OAH, and the ALJ was prohibited from reversing the agency's

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

decision and awarding the CON to Pinnacle.

The majority's opinion correctly notes this Court applies the whole record test to arguments challenging whether findings of fact are supported by substantial evidence. N.C. Gen. Stat. § 150B-51(b)(5)-(6) and 51(c).

The majority's opinion erroneously concludes NC DHHS was required and failed to challenge specific findings of fact in the ALJ's decision. Their opinion holds the whole record test requires all of the 155 findings of facts contained in the thirty-six pages of the 19 July 2022 decision to be individually objected to, and, if not, it becomes binding upon appeal, citing *Brewington v. N.C. Dep't of Pub. Safety*, 254 N.C. App. 1, 17, 802 S.E.2d 115, 126 (2017) and *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Under the whole record test, whether before the ALJ or this Court, the reviewing officer or court is required to look at the entirely of the evidence, the "whole record", and not individual findings to determine whether the agency's findings of fact are supported by substantial evidence. N.C. Gen. Stat. § 150B-51(b)(5)-(6) and 51(c). The issue is "whether the Agency's decision that [petitioner] failed to prove substantial prejudice is supported by substantial evidence when considering the *record as a whole*[.]" *CaroMont Health, Inc. v. N.C. Dep't of Health & Human Servs.*, 231 N.C. App. 1, 5, 751 S.E.2d 244, 248 (2013) (emphasis supplied) (citation omitted). As such, individual evidence or even findings to the contrary are immaterial, so long as "the whole record contains relevant evidence that a reasonable mind might accept

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

as adequate to support the Agency's conclusion[.]" *Id.*

The notion that each individual finding in the whole record must be excepted to preserve review is not supported in the NCAPA or in our CON precedents. That individual exception to each finding of fact requirement may arise in domestic relations, child custody, or other cases, but not under the whole record review of a CON before the OAH or this Court. *See Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." (citations omitted)).

While our Supreme Court cited *Koufman* in *Brackett v. Thomas*, the superior court's standard of review in those cases differs from the case presently before us on appeal. *Brackett v. Thomas*, 371 N.C. 121, 122, 814 S.E.2d 86, 87 (2018). In *Brackett*, the superior court's standard of review for examining an agency decision by the Department of Motor Vehicles was governed by N.C. Gen. Stat. § 20-16.2(e), which provides the "superior court review shall be limited to whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner committed an error of law in revoking the license." *Id.* at 125, 814 S.E.2d at 89 (quoting N.C. Gen. Stat. § 20-16.2(e)). *Brackett* does not apply in OAH administrative appeals, where this Court applies the whole record test.

Even if the majority's assertion that NC DHHS was required to object to

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

specific findings of fact on appeal, NC DHHS's brief specifically challenges several

findings of fact, with specific references to the record:

> In the Final Decision, the ALJ determined that Pinnacle was substantially prejudiced for three reasons:
> · The Agency denied Pinnacle's otherwise approvable application; (R p. 265)
> · Pinnacle's denial infringes on its freedom to buy additional equipment using its own funds and the ability to compete with Duke; *Id.* and,
> · Pinnacle's denial will impact its operations, limit its capacity and its ability to meet patient's needs, prevent it from realizing approximately $400,00.00 annually in savings and prevent it from earning approximately $97,000 in additional net income annually. *Id.*

The ALJ's decision makes the following findings of fact, which mirror the

contested facts in NC DHHS' brief on appeal:

> 61. The denial of its CON application infringes on Pinnacle's freedom to invest in additional equipment using its own funds, and the ability to compete with Duke on the same footing.
>
> 62. Pinnacle demonstrated it will suffer an injury in fact as a result of the Agency's decision. The denial of its application will have a significant impact on its operations, limiting its capacity and its ability to meet patients' needs, preventing it from realizing approximately $400,000.00 annually in savings, and preventing it from earning approximately $97,000 in additional net income annually.

This Court is required to "'examine all competent evidence'" and apply the

whole record test to determine whether Findings of Fact 61 and 62 were supported

by sufficient evidence in the whole record before the ALJ. *Surgical Care Affiliates,*

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

*LLC v. N.C. Dep't of Health & Hum. Servs.*, 235 N.C. App. 620, 622-23, 762 S.E.2d 468, 470 (2014) (quoting *Parkway Urology, P.A. v. N.C. Dep't of Health & Human Servs.*, 205 N.C. App. 529, 535, 696 S.E.2d 187, 192 (2010)).

The CON application and review process originates before NC DHHS and not the OAH. The OAH's review jurisdiction under the NCAPA is not original or co-existent. The ALJ is not writing on a clean slate and is statutorily constrained and mandated to "giv[e] due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency." N.C. Gen. Stat. § 150B-34(a).

While the OAH and the ALJ, since the 2011 amendments to the statute, can issue a Final instead of a Recommended Decision, those amendments and the standards and constraints in the NCAPA do not allow an ALJ to merely disagree with and substitute its judgment for that of "the specialized knowledge of the agency." *Id.* *See* 2011 N.C. Sess. Laws 1678, 1685–97, ch. 398, §§ 15–55.

Here, both applicants, Pinnacle and Duke, submitted conforming applications. NC DHHS could approve only one application, as only one CON was authorized. There was necessarily going to be a winner and a loser, as in all competitive environments and contests. The Agency conducted an extensive and competitive review of the applications within its expertise to determine which was more effective for the purposes of awarding the CON. On 24 September 2021, the Agency approved Duke's application and denied Pinnacle's application.

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

The CON statute vests the decision with NC DHHS, of whether to award a CON to Duke or Pinnacle subject to *review* in the OAH under the standards, constraints, and procedures of the NCAPA. N.C. Gen. Stat. §§ 150B-23(a)(1)-(5) and 131E-177(6) (2021). This review, allowed pursuant to the NCAPA, is not a hearing *de novo* before the ALJ, and she was not free to substitute her personal preferences for the record, expertise, and knowledge of the agency merely to reach a contrary result. N.C. Gen. Stat. § 150B-34(a).

The burden of establishing "substantial prejudice" fell on Pinnacle as the petitioner before the OAH. *Parkway Urology*, 205 N.C. App. at 535-39, 696 S.E.2d at 192-95; N.C. Gen. Stat. § 150B-23(a). *See also* N.C. Gen. Stat. § 131E-188. Pinnacle was required to demonstrate it was "substantially prejudiced" by the Agency's decision to approve a competing application. N.C. Gen. Stat. § 150B-23(a).

"[H]arm from normal competition does not amount to substantial prejudice[.]" *CaroMont Health*, 231 N.C. App. at 8, 751 S.E.2d at 250 (citing *Parkway Urology*, 205 N.C. App. at 539, 696 S.E.2d at 195). *See also Blue Ridge Healthcare Hosps. Inc. v. N.C. Dep't of Health & Human Servs.*, 255 N.C. App. 451, 464, 808 S.E.2d 271, 279-80 (2017); *Surgical Care Affiliates*, 235 N.C. App. at 632, 762 S.E.2d at 476 (finding the petitioner failed to demonstrate "substantial prejudice" because "the only purported harm to Petitioners is the possibility that the Agency's decision will make it more difficult for them to expand their business").

Also, "'economic losses [a petitioner] will suffer as a result of the Agency's

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

decision'" generally does not amount to substantial prejudice, as it amounts to harm from normal competition. *Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep't of Health & Human Servs.*, 237 N.C. App. 113, 123, 764 S.E.2d 491, 498 (2014) (citing *CaroMont Health*, 231 N.C. App. at 8, 751 S.E.2d at 250).

This Court is required to apply the whole record test to determine whether Findings of Fact 61 and 62 were supported by sufficient evidence in the "whole record" before the ALJ. *Surgical Care Affiliates*, 235 N.C. App. at 622-23, 762 S.E.2d at 470 (citation omitted); *CaroMont Health*, 231 N.C. App. at 5, 751 S.E.2d at 248. If a petitioner cannot demonstrate the threshold substantial prejudice requirement, the ALJ need not address allegations of Agency error. *Surgical Care Affiliates*, 235 N.C. App. at 629-30, 762 S.E.2d at 475 (explaining "the petitioner must establish that the Agency has deprived it of property, has ordered it to pay a fine or penalty, or has otherwise substantially prejudiced the petitioner's rights, *and, in addition*, the petitioner must establish that the agency's decision was erroneous in a certain, enumerated way, such as failure to follow proper procedure or act" (citation omitted)).

Pinnacle's failure to show "substantial prejudice" merely from losing the competition and its consequent economic loss condemns their case. *Id.*; N.C. Gen. Stat. § 150B-23(a)(1)-(5). The ALJ's decision is properly vacated.

### III.    Conclusion

The CON statute vests the award with NC DHHS, subject to *review* in the OAH by the ALJ under the standards, constraints, and procedures of the NCAPA. This

PINNACLE HEALTH SERVS. OF N.C., LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*TYSON, J., dissenting*

review allowed in the NCAPA is not a hearing *de novo* before the ALJ, and she was not free to substitute her personal preferences for the record, expertise, and knowledge of the agency merely to reach a contrary result. N.C. Gen. Stat. § 150B-34(a).

The ALJ found "[t]he denial of its CON application infringes on Pinnacle's freedom to invest in additional equipment using its own funds, and the ability to compete with Duke on the same footing." She also found:

> Pinnacle demonstrated it will suffer an injury in fact as a result of the Agency's decision. The denial of its application will have a significant impact on its operations, limiting its capacity and its ability to meet patients' needs, preventing it from realizing approximately $400,000.00 annually in savings, and preventing it from earning approximately $97,000 in additional net income annually.

While both may be true, as between two admittedly qualified applicants and only one CON available, those findings will be equally true no matter which party is not awarded the CON. It is not up to the ALJ under the statute to make that determination, but only to review "whether the whole record contains relevant evidence that a reasonable mind might accept as adequate to support the Agency's conclusion[.]" *CaroMont Health*, 231 N.C. App. at 5, 751 S.E.2d at 248 (citation omitted). The ALJ's decision is affected with error and is properly vacated and remanded. I respectfully dissent.