An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-993

Filed 2 July 2025

Mecklenburg County, Nos. 23JA000061-590, 24JT000026-590

IN THE MATTER OF:

D.A.-R.H.

Minor Child

Appeal by respondent-mother from order entered 5 August 2024 by Judge Aretha V. Blake in Mecklenburg County District Court. Heard in the Court of Appeals 10 June 2025.

*J. Thomas Diepenbrock for respondent-appellant mother.*

*Kristina A. Graham, Senior Associate Attorney, Mecklenburg County Attorney's Office for petitioner-appellee Mecklenburg County Department of Social Services, Division of Youth and Family Services.*

*Matthew D. Wunsche, NC GAL Appellate Counsel, Administrative Office of the Courts, for guardian ad litem.*

PER CURIAM.

Respondent-appellant ("Mother") is the biological mother of minor child D.A.-

R.H. ("Derek").[1] She appeals the trial court's order terminating her parental rights.[2] We affirm the order.

The Mecklenburg County Department of Social Services, Youth and Family Services Division ("YFS"), became involved in January 2023 when Mother failed to pick up Derek from school and could not be located. Mother was in "active addiction" and using crack cocaine, and she was not taking her mental health medications. YFS took custody of Derek, and Derek has remained in YFS custody since then.

Derek was adjudicated neglected in April 2023. At that time, the trial court adopted a case plan for Mother to complete. YFS moved to terminate Mother's parental rights in January 2024 because Mother was not making adequate progress within a reasonable period of time, she was not available to anyone, she was not cooperating with her case plan or YFS, and she was acting inconsistently with Derek's health and safety. On 5 August 2024, the trial court entered an order terminating Mother's parental rights.

Termination of a respondent's parental rights involves two stages: adjudication and disposition. *See In re Q.P.W.*, 376 N.C. 738, 741 (2021). On appeal, Mother argues that the court erred in terminating her parental rights based on the adjudicatory grounds of neglect and dependency. However, Mother does not appeal

---

[1] Pseudonym used for protection of the child and ease of reading.
[2] The parental rights of Derek's unknown father were also terminated by the trial court. That termination was not appealed.

the trial court's dispositional determination that termination of her parental rights was in Derek's best interest.

Because Mother does not challenge any of the trial court's findings of fact, they are binding on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."). We review the trial court's adjudication to determine whether its findings of fact support its conclusions of law. *See In re J.S.*, 374 N.C. 811, 814 (2020).

We first consider the trial court's adjudication that Derek is a neglected juvenile. The trial court may terminate parental rights if the parent has neglected the juvenile. *See* N.C.G.S. § 7B-1111(a)(1). A juvenile is neglected when its parent "[d]oes not provide proper care, supervision, or discipline." N.C.G.S. § 7B-101(15)(a).

> When it cannot be shown that a parent is neglecting his or her child at the time of the termination hearing because the child has been separated from the parent for a long period of time, there must be a showing of past neglect and a likelihood of future neglect by the parent. . . . When determining whether such future neglect is likely, the [trial] court must consider evidence of changed circumstances occurring between the period of past neglect and the time of the termination hearing.

*In re Z.V.A.*, 373 N.C. 207, 211−12 (2019) (citations omitted). Here, the trial court found that Mother "failed to provide proper care, supervision, and discipline for [Derek] and there remains a high probability of the repetition of neglect."

Mother argues the trial court failed to consider her current circumstances at

the time of the termination hearing. We disagree. Based on the trial court's unchallenged findings of fact, it clearly considered Mother's current circumstances at the time of the termination hearing. In particular, several findings of fact note that Mother had recently begun to comply with her case plan and was engaged in a substance abuse rehabilitation program. But even though Mother had recently begun to comply with her case plan, "a parent's compliance with his or her case plan does not preclude a finding of neglect." *In re J.J.H.*, 376 N.C. 161, 185 (2020).

"In predicting the probability of a repetition of neglect, the court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." *In re M.C.*, 374 N.C. 882, 889 (2020) (cleaned up).

In this case, the historical facts support the trial court's determination that there is a high probability of a repetition of neglect should Derek be returned to Mother's care. Notably, "Mother has a decades-long substance abuse history and her most recent recovery is only in the early stages." The current treatment center is Mother's sixth treatment center, she first sought treatment in her early twenties, and she is now in her forties. The trial court found there was a likelihood of repetition of neglect based on Mother's "long addiction history which contains [ ] multiple prior efforts at getting and staying clean and sober, the length of time [Derek] was in foster care before any of the aforesaid progress was made, and the limited progress she has made since[.]" Moreover, Mother's treatment center where she lives does not allow children, so Derek would not be able to live with her. Thus, "the trial court was within

its authority to weigh the evidence and determine that these eleventh-hour efforts [to conform with her case plan] did not outweigh the evidence of [her] persistent failure to make improvements[.]" *In re O.W.D.A.*, 375 N.C. 645, 654 (2020).

Since we conclude the trial court did not err in terminating Mother's parental rights based on neglect, we need not address the adjudicatory ground of dependency. *See In re J.S.*, 374 N.C. at 815 ("[I]f this Court upholds the trial court's order in which it concludes that a particular ground for termination exists, then we need not review any remaining grounds."). In sum, we affirm the trial court's termination of Mother's parental rights.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges CARPENTER and MURRY.

Report per Rule 30(e).